■ ERIN FEDERICO et al., Appellants, v CITY OF MECHANICVILLE et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Brown J.), entered November 18, 1987 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Erin Federico (hereinafter plaintiff) was injured on January 4, 1986 when she fell on a patch of ice which had formed on a public sidewalk on Park Avenue in the City of Mechanicville, Saratoga County. The building adjacent to the sidewalk where she fell formerly contained a clothing store, but was vacant after having been gutted by a fire in February 1984. The city's Department of Public Works had boarded up the building after the fire. In December 1985, the building was acquired by the Mechanicville Urban Renewal Agency, against whom a separate action was also brought by plaintiff.

In the instant action, plaintiff sued the city and its Department of Public Works. After joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint under Mechanicville City Charter § 116 (2), which provides in substance that no civil action is maintainable against the city for injuries sustained as a result of snow or ice on a sidewalk unless prior written notice of the particular condition had been given to the city's Commissioner of Public Works. Defendants' moving papers contained affidavits from the appropriate city officials establishing the absence of such written notice, together with excerpts from the transcript of plaintiff's pretrial deposition in which she stated, *inter alia,* that she walked past the building the preceding day on her way to work and that the sidewalk was dry. Plaintiff's oppos-

ing papers consisted of an attorney's affidavit which conceded that no written notice had been given of the icy condition, but sought to avoid the legal effect thereof by contending that two named individuals had given the city actual notice and that the city affirmatively caused the condition when it boarded up the building after the fire. Supreme Court granted defendants' motion, and this appeal followed.

There should be an affirmance. Defendants' moving papers presented evidence in admissible form that plaintiff's action was barred by section 116 (2) of the city Charter. Therefore, to defeat the motion, plaintiff was required similarly to submit evidentiary proof in admissible form to establish the existence of a triable issue as to one or more of the exceptions to the application of the local written notice legislation *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The hearsay statement in the affidavit of plaintiff's attorney that other persons had given the city notice of the icy condition clearly fails to meet these requirements, insofar as plaintiff attempts to show the city's actual knowledge of the condition. Likewise, plaintiff's deposition and the absence of any eyewitness's affidavit averring that the city recently inspected or worked at the premises at or near the site of the accident precludes avoidance of the effect of the written notice requirement on the basis of any constructive notice *(cf., Klimek v Town of Ghent,* 114 AD2d 614, 615-616).

Plaintiff also attempts to show that the local written notice law does not apply on the theory that the city created the icy condition or committed affirmative acts of negligence directly causing her injuries *(see, Lacey v Horan,* 119 AD2d 806, 807-808). Thus, the affidavit of plaintiff's attorney states that the icy condition was caused by precipitation which fell into the building (roofless as a result of the fire), accumulated inside, then melted and ran out upon the sidewalk through openings inadequately sealed when the city boarded up the building. The claimed negligence of the city consisted of failing to demolish the building or boarding it up sufficiently to prevent the seepage of water. These averments fail in two respects to meet plaintiff's burden in opposing summary judgment. First, the facts alleged are solely contained in the affidavit of an attorney having no firsthand knowledge thereof, without attachments of sworn statements of witnesses having direct knowledge or any explanation for the absence of such attachments *(see, Zuckerman v City of New York, supra,* at 563).

Second, the averments of actual fact show at best negligent omissions on the part of the city. None of the factual state-

ments tend to establish that the city acted affirmatively in starting a chain of events, of which its negligence was a part, causing plaintiff's injuries. Conclusory averments that the city's acts in boarding up the building somehow caused the ice to accumulate on the adjoining sidewalk are insufficient to create a triable issue of fact (see, Ritacco v Town/Village of Harrison, 105 AD2d 834; see also, Youngblood v Village of Cazenovia, 118 Misc 2d 1020, 1023-1024, affd on opn below 93 AD2d 962). Consequently, Supreme Court was correct in granting defendants' motion for summary judgment.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.