■ LOIS ROGERS et al., Respondents, v COUNTY OF SARATOGA, Defendant, and TOWN OF MALTA et al., Appellants— Levine, J. Appeals from two orders of the Supreme Court (Ford, J.), entered August 31, 1987 in Saratoga County, which denied motions by defendants Town of Malta and Town of Ballston for summary judgment dismissing the complaint against them.

Plaintiff Lois Rogers (hereinafter plaintiff) was injured in a one-car accident on June 9, 1983 when the car she was driving left the pavement of East Line Road in close proximity to the boundary line dividing the Town of Malta and the Town of Ballston in Saratoga County. According to plaintiff, her vehicle was forced partially onto the shoulder by a car traveling in the opposite direction. Plaintiff then lost control of her vehicle as she attempted to come back onto the pavement, causing her car to cross the roadway and strike a stone wall. Plaintiff and her husband commenced this action against the County of Saratoga, the Town of Malta and the Town of Ballston alleging, *inter alia*, negligent design, construction and maintenance of the roadway.

Following depositions, the Town of Ballston moved for sum-

mary judgment dismissing the complaint on two grounds: (1) that it was not liable because the section of East Line Road where the accident occurred was not within the boundaries of the Town of Ballston, and (2) that plaintiff failed to comply with its local law requiring that the rown receive prior written notice of defects as a condition precedent to its liability. The Town of Malta then cross-moved for summary judgment based on plaintiff's failure to comply with its own local law requiring prior written notice of defects.

Plaintiff opposed defendants' motions, contending that factual issues exist as to ownership and control of the roadway and, in addition, that since one of the municipalities may have created the defect, prior written notice is not required. Supreme Court denied both motions for summary judgment and these appeals ensued.

Both towns contend that Supreme Court erred in denying their respective motions for summary judgment on the ground that plaintiff, in opposing the motions, failed to create a factual issue that prior written notice was given or that an exception applies. Plaintiff's complaint and bill of particulars sets forth claims against defendants for the negligent design, construction, maintenance and repair of East Line Road. The towns' motions for summary judgment, however, challenged only the fact that no prior written notice had been given. Neither movant refuted the claims of negligent design or construction or otherwise submitted evidentiary proof negating plaintiff's allegations of their affirmative acts of negligence creating the dangerous condition, so as to shift the burden to plaintiff to come forward with evidence on these specifically pleaded theories (see, Kiernan v Thompson, 134 AD2d 27, 29; Hogan v Grand Union Co., 126 AD2d 875, 876; Lacey v Horan, 119 AD2d 806, 807-808; Pioli v Town of Kirkwood, 113 AD2d 59, 61). Hence, we agree with Supreme Court's determination that plaintiff's claims of affirmative negligence are not barred by the absence of prior written notice.

The towns' motions, however, established that they had no record of any prior written notice of a hazardous condition on East Line Road. This constituted a prima facie defense to plaintiff's claims of negligent maintenance or repair, and plaintiff, in response, failed to adduce any evidence to create a factual issue as to whether such notice had actually been given. Therefore, in our view, the movants were entitled to partial summary judgment as to those theories of liability premised upon the towns' nonfeasance in failing to properly

maintain the roadway, and Supreme Court's order should be modified accordingly.

The Town of Ballston also contends that it was entitled to summary judgment based on its evidence demonstrating that the accident did not occur within its borders. This evidence consisted of the depositions of Clifford Thompson, the Highway Superintendent for the Town of Ballston, Robert A. Fitzgerald, the Highway Superintendent for the Town of Malta, Edward Harran, Deputy Commissioner of Highways for the County of Saratoga, and plaintiff. Plaintiff indicated that her accident occurred at some point south of a curve on East Line Road as she was traveling in the southbound lane toward Route 67. The testimony of Thompson, Fitzgerald and Harran indicated that the center line of this section of East Line Road is coincident with the western boundary of the Town of Malta and the eastern edge of the Town of Ballston. There was also evidence that the towns had agreed, by mutual resolutions, that the Town of Ballston was responsible for East Line Road from Route 67 north to "a big pine tree", and that the Town of Malta had jurisdiction over the road between the pine tree and the curve.

Plaintiff testified that she did not know how far south of the curve she was when she lost control of her vehicle. Furthermore, neither Thompson, Fitzgerald or Harran could pinpoint the location of the accident in relation to the pine tree. The fact that the vehicle ultimately came to rest at a point off the eastern edge of the roadway, and thus within the Town of Malta, does not necessarily establish that the claimed highway defect causing the accident was also located in that town. In addition, Thompson conceded that it was not known which municipality was responsible for the original construction of East Line Road. Hence, the Town of Ballston failed to establish a prima facie defense to plaintiff's claims and its motion for summary judgment on this ground was properly denied.

Orders modified, on the law, without costs, by reversing so much thereof as denied that portion of the motions seeking dismissal of any claims based on negligence in maintaining or repairing the roadway; motions granted to that extent and said claims are dismissed; and, as so modified, affirmed. Weiss, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.