■ HAROLD WERT et al., Respondents, v CITY OF OGDENS-BURG, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Duskas, J.), entered December 14, 1987 in St. Lawrence County, which denied defendant's motion for summary judgment dismissing the complaint.

In this personal injury action, plaintiff Gladys Wert (hereinafter plaintiff) seeks to recover damages for injuries sustained when she slipped and fell on a patch of ice which had formed on the crosswalk of a public street in the City of Ogdensburg, St. Lawrence County. In their suit against the city, plaintiff and her husband allege that the street in question contained a storm sewer which was negligently designed, constructed and maintained, in that the sewer drain opening to the system was substantially higher in elevation than the pavement of the crosswalk where plaintiff fell. It is alleged that this resulted in a large accumulation of water in the depression of the crosswalk which froze where plaintiff fell. In addition, plaintiffs' bill of particulars alternatively claims that negligent repairs caused the depression in the crosswalk and that the city had the opportunity to discover this defective condition.

The city moved for summary judgment on the basis of plaintiffs' failure to comply with Ogdensburg City Ordinance § 18.01, requiring prior written notice of a defective condition. In addition, the city contended that plaintiffs failed to estab-

lish any evidentiary proof of negligent design or other affirmative acts on its part to avoid the necessity of prior written notice. In support of its motion, the city submitted, *inter alia,* an affidavit from Timothy C. Baker, the City Engineer, in which he averred that the plan for the sewer in the vicinity of plaintiff's accident was made in 1936 and the plan was consistent with the design standards of that period.

In response to the city's motion, plaintiffs submitted an unsworn letter from an independent engineering firm hired by plaintiffs which concluded that the ponding of water in the crosswalk was caused by negligent installation and/or maintenance of the storm water collection system. The letter also stated that materials used in the construction of the sewer were manufactured after 1936 and, therefore, additional reconstruction or maintenance must have been performed by the city after the initial construction in 1936. Plaintiffs also submitted a portion of an examination before trial (hereinafter EBT) of Baker, wherein he stated that the placing of a sewer opening at an elevation above the surrounding pavement was not proper engineering procedure. Both the unsworn letter and the EBT excerpt were attached to an affidavit by plaintiffs' attorney. Supreme Court denied the city's motion, finding that the letter and EBT excerpt submitted by plaintiffs created questions of fact requiring a trial. The city now appeals.

We affirm. A fair reading of the complaint and plaintiffs' bill of particulars reveals that the theory of recovery here is based on the city's affirmative acts of negligence in causing the drain in question to be elevated from the pavement. Therefore, the failure to give prior written notice of defect would not defeat plaintiffs' action *(see, Rogers v County of Saratoga,* 144 AD2d 731; *Federico v City of Mechanicville,* 141 AD2d 1002). The Baker affidavit did not conclusively disprove plaintiffs' allegations of the city's active negligence. First, it relates only to the original design of the sewer system, without any proof that the drain was installed in accordance with the initial plan, or that the drain level remained unchanged since installation in 1936. Second, the excerpt from Baker's EBT testimony, that an elevated sewer drain is contrary to proper engineering practice, at least creates an issue of fact as to negligent design or construction. Therefore, although Supreme Court was incorrect in partly relying on the unsworn letter from plaintiffs' expert *(see, Callas v Malone,* 135 AD2d 1016, 1017), it properly ruled that the absence of written

notice and the Baker affidavit were insufficient to afford a basis for summary judgment dismissing the complaint.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.