OPINION OF THE COURT
Hancock, Jr., J.
A married couple residing in the same household purchased two separate liability insurance policies from the same insurer *353 covering their separately owned vehicles. The policies, each of which had a maximum limit of $75,000 for excess insurance, were identical; each afforded coverage to their son, a member of the household, who was involved in an accident while driving another car. We hold that by the terms of the standard form "other insurance” clause, the insurer is bound to contribute to the full extent of its coverage in each policy, thus making the maximum excess coverage available for the accident $150,000. The insurer’s attempt in its "two or more auto policies” clause to limit its maximum liability under the policies to the liability limit in one of them is contrary to the applicable insurance law regulations. Accordingly, we reverse the order of the Appellate Division and hold that the insurer is liable for the cumulative limits of both policies.
I
Plaintiffs were injured in a two-car accident. One of the vehicles involved in the accident was owned by Michael Romeo and was being driven, with Romeo’s permission, by defendant Wesley Carr. It is not disputed that the insurance policy covering Romeo’s car affords primary coverage with a $25,000 limit. Lumbermens Mutual Casualty Co. (Lumbermens) issued insurance policies to James Carr and Rose Carr, Wesley Carr’s parents. Each of these policies affords excess coverage with a $75,000 limit. The Carrs’ policies are in dispute.
James Carr is the only named insured on the policy covering his pickup truck,[1] and Rose Carr is the only named insured on the policy covering her two vehicles. The company issued each policy separately and charged and received a full premium for it. Wesley resided with his parents and was, therefore, a "covered person” within the terms of each policy.
Two clauses in the standard form Lumbermens policies issued are relevant: the "other insurance” clause and the "two or more auto policies” clause. The "other insurance” clause provides: "If there is other applicable liability insuránce we will pay only our share of the loss. Our share is the *354 proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.” The "two or more auto policies” clause provides: "If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.” (Emphasis added.) The term "you” as defined in the standard Lumbermens policy includes a spouse residing in the same household, and thus, where, as here, resident spouses purchase policies from Lumbermens, the "two or more auto policies” clause purports to limit Lumbermens’ liability to the maximum limit in one policy.
Plaintiffs commenced this action seeking a declaration that pursuant to the standard "other insurance” clause, both policies were available to cover losses arising from the accident, making the total liability exposure $150,000. Defendant Wesley Carr joined in this request. Lumbermens, in a counterclaim, sought a declaration that, pursuant to the "two or more auto policies” clause, its liability could not exceed the $75,000 limit in one or the other policy.
Supreme Court declared that both policies provide excess coverage up to their maximum limits and are available to satisfy any recovery against Wesley Carr. The Appellate Division, with one Justice dissenting, reversed and directed that judgment be entered declaring that only one of the policies is available, thereby reducing the maximum limit for the Lumbermens excess coverage to $75,000. We disagree. For reasons stated hereinafter, we hold that each policy must contribute to its liability limit.
II
There is no question that the "other insurance” clause in each policy provides for pro rata excess coverage (see generally, 16 Couch, Insurance 2d §§ 62:6, 62:32 [Rhodes ed]), which meets the pro rata contribution requirement contained in the applicable insurance regulation (11 NYCRR 60.1 [g]).[2] Under *355 ordinary circumstances, the "other insurance” clause would operate to provide excess coverage for Wesley Carr’s accident under both Lumbermens’ policies, with each policy contributing ratably making the total of available excess insurance $150,000. However, the Carrs are husband and wife residing in the same household. Given that the definition of "you” in the policies includes resident spouses, the Carrs are deemed to be one person under the "two or more auto policies” clause. Lumbermens contends, therefore, that the "two or more auto policies” clause governs and that the total of the available excess coverage that would otherwise be provided under the "other insurance” clause must be reduced to $75,000. The obvious consequence of adopting Lumbermens’ construction of the policy and giving this effect to the "two or more auto policies” clause is to cancel out the requirement in the "other insurance” clause that both policies should contribute ratably. The immediately apparent effect is to put the Lumbermens policies in direct violation of the regulation which requires that under an excess insurance provision, each policy must contribute ratably (see, 11 NYCRR 60.1 [g]).
Lumbermens argues, however, that its application of the "two or more auto policies” clause does not put its policies in violation of the regulation (11 NYCRR 60.1 [g]). It points out that the regulation only requires ratable contribution by other "valid”, "collectible” excess insurance (11 NYCRR 60.1 [g]). It is not in violation of the regulation, Lumbermens says, because, by giving effect to the "two or more policies” provision, one or the other of the Carrs’ policies has been *356 rendered "invalid” and "uncollectible”. In other words, the "two or more policies” provision, the very clause on which Lumbermens relies to reduce the amount of available coverage, is the clause it depends on to say that there can be no violation of the regulation.
Analysis of the "two or more policies” provision, however, does not support the interpretation that Lumbermens would have us adopt. The language of the clause does not provide or suggest that either of the Carrs’ policies becomes "invalid” or "uncollectible”; nor does it make either inapplicable to a particular accident. On the contrary, the "two or more policies” clause expressly states that the policies "apply to the same accident” (emphasis added). The clause only attempts to put a limit on the amount of excess insurance which applies where there are two or more policies covering the same loss. The provision clearly lacks the wording of a "no liability” or "escape” clause and, accordingly, should not be given that effect (cf., Mills v Liberty Mut. Ins. Co., 36 AD2d 445, affd on opn below 30 NY2d 546; Davis v De Frank, 33 AD2d 236, affd without opn 27 NY2d 924; see generally, 16 Couch, op. cit., § 62:31, at 462; Ostrager and Newman, Insurance Coverage Disputes § 9.02 [c], at 23S-234).[3] The policy as construed by Lumbermens is, therefore, not "equally or more favorable to the insured” as the ratable contribution provision of the regulations requires (11 NYCRR 60.1 [g]). The "other insurance” clause, as reduced by the "two or more auto policies” clause, thus violates this regulation.
Moreover, Lumbermens’ interpretation of the policy relies on a circular argument which produces an unacceptable anomaly. Lumbermens applies the "two or more policies” provision to reduce the coverage from what would otherwise be provided by the "other insurance” clause and required by the regulation (11 NYCRR 60.1 [g]). But it seeks to avoid a clear violation of the regulatory requirement that each "valid” and "collectible” excess policy contribute ratably by simply saying that the same clause which causes the reduction must be construed as making one or the other. *357 policy "invalid” and "uncollectible”. Such construction of the policy — which no insured could have envisioned, least of all one paying a full premium for a separate policy — should not be given effect (see, Stainless, Inc. v Employers’ Fire Ins. Co., 69 AD2d 27, 32-34, affd, 49 NY2d 924; Miller v Continental Ins. Co., 40 NY2d 675, 676-679; Matthews v American Cent. Ins. Co., 154 NY 449, 456-459 [because a policy is drawn by the insurer, it is to be liberally construed in favor of the insured and interpreted in light of the reasonable expectation and purpose for which the policy is issued]).
Finally, Lumbermens Mut. Cas. Co. v Allstate Ins. Co. (51 NY2d 651), relied upon by the Appellate Division, is inapposite. In Lumbermens, the issue was not whether the secondary excess coverage clause was less favorable to the insured or any judgment creditor than the required provisions. Thus, no claimed violation of the regulation (11 NYCRR 60.1 [g]) was involved. The dispute in Lumbermens was among various insurers over the order in which they should pay out excess insurance. Here, in contrast, the "two or more auto policies” clause, as the insurer would apply it, reduces, by one half, the amount of coverage otherwise available and, therefore, is less favorable to the insured and any judgment creditor than either of the required provisions.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, Niagara County, reinstated.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order reversed, etc.

. James previously insured his pickup through Lumbermens under a policy issued to both James and Rose. Because Rose was concerned with having her husband’s pickup reflected in her premiums, James took out a separate policy. In his application for separate coverage, James stated that his pickup had previously been covered by Lumbermens under the joint policy and that ''he just wants his own policy”.

. Section 60.1 provides:
"An 'owner’s policy of liability insurance’ shall contain in substance the following minimum provisions or provisions which are equally or more favorable to the insured and judgment creditors
* ** *
*355 "(g) Either of the following provisions:
"(1) The insurer shall not be liable for a greater proportion of the loss than the applicable limit of liability of the policy bears to the total applicable limit of liability of all other valid and collectible insurance covering the insured against such loss; provided, however, with respect to an automobile, other than a newly acquired automobile, for which insurance is provided under subdivision (d) of this section, the insurance shall be excess insurance over any other valid and collectible insurance.
"(2) * * * When both this insurance and other insurance apply to the loss on [an excess] basis * * * the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:
"(i) Contribution by equal shares. * * *
"(ii) Contribution by limits. If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss. ” (Emphasis supplied.)

. Assuming arguendo that the "two or more auto policies” clause in each policy could be given the effect of an "escape” or "no liability” clause, there would still be a question whether the clauses would cancel each other out, thus leaving excess coverage under each policy intact (see, Davis Yarn Co. v Brooklyn Yarn Dye Co., 293 NY 236, 249; Ostrager and Newman, Insurance Coverage Disputes § 9.03 [c] [3], at 239-240). We express no view on this issue.