■ SHERRY WHITE, Individually and as Parent and Natural

Guardian of STEPHEN J. STILLWELL, an Infant, Appellant, v TOWN OF AUSABLE et al., Respondents. (Action No. 1.) SHERRY WHITE, Individually and as Parent and Natural Guardian of STEPHEN J. STILLWELL, an Infant, Appellant, v EDWARD V. ACKEY et al., Defendants and Third-Party Plaintiffs-Appellants. TOWN OF AUSABLE et al., Third-Party Defendants-Respondents. (Action No. 2.)—Mikoll, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered July 31, 1989 in Essex County, which granted the motion of the Town of Ausable and the Town of Ausable Superintendent of Highways for summary judgment dismissing all claims against them.

On September 7, 1985, Stephen Stillwell, then 15 years old, was operating an all-terrain vehicle (hereinafter ATV) when he exited from the woods running adjacent to Parrish Road in the Town of Ausable, Essex County, and collided with a truck driven by defendant Edward V. Ackey, and owned by defendant Sherlat Home Renovation Corporation (hereinafter Sherlat). Stillwell was seriously injured and his passenger, Jason Van Valkenberg, was killed.

Initially plaintiff, Stillwell's mother, sued defendants Town of Ausable and the Town Superintendent of Highways (hereinafter action No. 1). Plaintiff then commenced a second suit against Ackey and Sherlat. Ackey and Sherlat then commenced a third-party suit against the town and its Highway Superintendent seeking indemnity (hereinafter action No. 2).*

Defendants moved for summary judgment dismissing the complaint in action No. 1 as well as the third-party complaint in action No. 2 on the ground that plaintiff and third-party plaintiffs failed to make a prima facie showing of negligence on the part of defendants which proximately caused Stillwell's injuries. Supreme Court granted the motion and dismissed all claims against them, holding that plaintiff and third-party plaintiffs established neither a breach of duty owed by defendants nor that any acts or omissions by them were a proximate cause of the accident. This appeal ensued.

The record discloses that Parrish Road is a dead-end road running in a north-south direction. It has a macadam pavement, about 18 feet wide, with a 5-to-7-foot-wide shoulder. The tree or brush line on the east side of the road is some 5 to 10 feet from the east edge of the road. The accident occurred

---

* For the sake of convenience, Ackey and Sherlat will hereinafter collectively be referred to as third-party plaintiffs and the town and its Highway Superintendent will collectively be referred to as defendants.

about 350 feet north of the stop sign signaling the end of Parrish Road at Sands Road. Stillwell, while operating the ATV, had been traveling on a trail through adjacent woods. Stillwell's testimony at his examination before trial indicated that he had crossed Parrish Road some 150 times previously and was thoroughly familiar with it. He also had no difficulty seeing vehicles coming from his left or his right on these prior crossings and that the approach from the wood and brush line permitted him to look left and right for a substantial distance down the highway before crossing. Nothing obstructed Stillwell's vision before entering into the highway and the condition of the road was good, that is, without potholes or strewn with sand and gravel.

A summary judgment motion requires a search for any unresolved material facts bearing on the legal issues involved *(Federico v City of Mechanicville,* 141 AD2d 1002, 1004). The motion must be denied if such an issue surfaces. If there exists an unresolved issue of fact, doubt is to be resolved against the movant. Here, plaintiff and third-party plaintiffs seek to hold defendants legally responsible for failing to stop the use of Parrish Road by drivers of ATVs or, in the alternative, to impel the conclusion that since defendants were aware that ATVs crossed this road, their failure to post or warn of such use raised a question of fact as to whether they acted negligently. Specifically, plaintiff and third-party plaintiffs urge that defendants should have posted warnings of ATV use. We cannot concur with the logic of this argument.

Defendants' responsibility as to road maintenance is one grounded in reasonability. It has the duty to construct and maintain its streets in a reasonably safe condition *(Weiss v Fote,* 7 NY2d 579, 584; *Annino v City of Utica,* 276 NY 192, 196). This matter does not present the classic case of improper maintenance of a road from which culpability may arise. Plaintiff urges that defendants should have posted Parrish Road with a warning to watch for ATVs crossing the road. Such logic would place an unreasonable burden on municipalities. Defendants are not responsible for the consequences of their conduct unless the risk of injury was reasonably foreseeable *(see, Palsgraf v Long Island R. R. Co.,* 248 NY 339; *see also,* Prosser and Keeton, Torts § 43, at 284 [5th ed]). Only reasonable foresight is required on their part. The failure to guard against a remote possibility of accident is not negligence *(see, Polemenakos v Cohn,* 234 App Div 563, *affd* 260 NY 524). We hold, as a matter of law, that it was not foreseeable that an ATV would attempt to cross the road without regard

to moving traffic where the view of the ATV operator was not obstructed by brush. Thus, defendants had no obligation to warn users of the road of such a possibility.

The accident, as described by Stillwell, was caused by his precipitous entry upon Parrish Road without observing the oncoming traffic. In his pretrial examination, Stillwell candidly admitted that he was able to see down Parrish Road for a considerable distance. The photographs of the road indicate that foliage was cut back for a sufficient distance to give an unobstructed view down the road. Plaintiff has failed to set forth any defects of the road upon which defendants' responsibility would be grounded or to otherwise show that the town failed in its duty to warn by appropriate posting. Summary judgment was therefore properly granted.

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.