■ ALBERTA HORTON et al., Appellants, v CITY OF SCHENECTADY, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered October 16, 1990 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action seeking to recover damages for injuries allegedly sustained in October 1975 when plaintiff Alberta Horton fell on an allegedly defective sidewalk located in the City of Schenectady, Schenectady County. Following joinder of issue, this lawsuit apparently sputtered to a standstill for reasons not entirely clear from the record. Nevertheless, in May 1990, defendant moved for summary judgment dismissing the complaint solely on the ground that it did not receive prior written notice of the hazardous condition as required by Schenectady City Charter § 1.7. Alternatively, defendant also moved to disqualify plaintiffs' attorneys on conflict of interest grounds. Noting that plaintiffs did not dispute the lack of prior written notice, Supreme Court granted defendant's motion for summary judgment in its entirety without reaching the disqualification issue. Plaintiffs now appeal, arguing that summary judgment was improperly granted.

Initially, we note that the allegations in the complaint, liberally construed, primarily allege that defendant affirmatively created the dangerous condition in the sidewalk through the performance of negligent repairs. In its motion for summary judgment, however, defendant only raised the issue of lack of notice under its City Charter and did not address the allegations of affirmative negligence. It is well settled that if a "complaint alleges that the municipality created or caused the hazardous condition, prior written notice is not required to maintain the action" *(Hogan v Grand Union Co.,* 126 AD2d 875, 876; *see, Wert v City of Ogdensburg,* 145 AD2d 767, 768; *Rehfuss v City of Albany,* 118 AD2d 987). Since defendant's summary judgment motion papers did not address plaintiffs' allegations of affirmative negligence, defendant did not meet its initial burden on a summary judgment motion with respect to those claims *(see,* CPLR 3212 [b]; *Rogers v County of Saratoga,* 144 AD2d 731, 732) and Supreme Court erred in granting defendant's motion in its entirety.

We must note additionally, however, that plaintiffs' com-

plaint also alleges various claims of passive negligence or nonfeasance, such as failing to properly maintain the sidewalk. Defendant's proof that they had no prior written notice is a prima facie defense to such claims *(see, Rogers v County of Saratoga, supra,* at 731, 732). Since plaintiffs do not dispute that no prior notice was given, the complaint was properly dismissed as to these allegations *(see, supra).* As for the claims remaining, the matter must be sent back for trial despite the obvious problems in conducting a trial so long delayed. We note that, prior to trial, Supreme Court must also address the issue of possible attorney disqualification that was not reached in the court's original decision.

Mahoney, P. J., Casey, Levine and Mercure, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion and dismissed any claims alleging affirmative negligence; motion denied to that extent; and, as so modified, affirmed.