■ FLORENCE STEINBERG et al., Respondents, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.—In an action, *inter alia,* for a judgment declaring that the plaintiffs are entitled to payment pursuant to two insurance policies issued by the defendant to Richard J. Cullin, the defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Smith, J.), dated May 23, 1990, as (1) granted the plaintiffs' motion pursuant to CPLR 4404 (b) to vacate a judgment of the same court dated October 18, 1989, and is in favor of the plaintiffs and against it in the principal sum of $200,000, and (2) denied the defendant's cross motion for leave to submit additional evidence.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

This case involves a dispute as to whether the plaintiffs, Florence Steinberg and Irwin Steinberg, may recover under two automobile insurance policies issued by State Farm Mutual Automobile Insurance Co. (hereinafter State Farm) to Richard J. Cullin. Each of these policies covered a separate automobile in the amount of $100,000 and provided family

coverage to Richard J. Cullin's son, the driver of the automobile which struck the plaintiff Florence Steinberg. Each policy contained a clause providing that "If two or more vehicle liability policies issued by us to you apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability". In light of these provisions, the court initially issued a judgment which essentially declared that the plaintiffs could only recover under one of the two policies issued to Cullin. After the Court of Appeals decided *Carlino v Lumbermens Mut. Cas. Co.* (74 NY2d 350), however, the court granted the plaintiffs' motion to vacate the judgment and directed State Farm to pay the plaintiffs the principal sum of $200,000 pursuant to both policies. State Farm appeals, and we affirm.

In *Carlino v Lumbermens Mut. Cas. Co. (supra)*, the Court of Appeals considered the effect of a standard "Two or More Policies" provision, similar to the one contained in the two policies at bar. The court noted that the clause expressly stated that the policies "apply to the same accident" while it lacked "the wording of a 'no liability' or 'escape' clause" *(Carlino v Lumbermens Mut. Cas. Co., supra,* at 356). Accordingly, the court rejected an interpretation of the clause which precluded recovery under more than one policy. A contrary interpretation of the provision, the court emphasized, would directly violate "the regulation which requires that under an excess insurance provision, each policy must contribute ratably *(see,* 11 NYCRR 60.1 [g])" *(Carlino v Lumbermens Mut. Cas. Co., supra,* at 355). As the Supreme Court correctly found, *Carlino v Lumbermens Mut. Cas. Co. (supra),* is controlling. The provisions at issue in the instant case state that they apply to the same accident and do not include any clear "no liability" clause. Thus, interpreting those clauses " 'equally or more favorably to the insured', as the ratable contribution provision of the regulations require (11 NYCRR 60.1 [g])" *(Carlino v Lumbermens Mut. Cas. Co., supra,* at 356), the plaintiffs are entitled to recover under both State Farm policies.

Moreover, under these circumstances, it cannot be said that the court improvidently exercised its discretion in considering the plaintiffs' motion to vacate the judgment dated October 18, 1989, even though the motion was untimely *(see,* CPLR 4405, 2004; *Matter of Jericho Union Free School Dist. No. 15 v Board of Assessors,* 131 AD2d 482).

We have considered State Farm's remaining contentions

and find them to be without merit. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.