■ TAMI L. HOUGH, Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant. [596 NYS2d 903] —Harvey, J. Appeal from an order of the Supreme Court (Travers, J.), entered February 24, 1992 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

On April 21, 1987, plaintiff was driving a 1984 Subaru automobile in a northerly direction on State Route 9H in the Town of Claverack, Columbia County, when she was hit from behind by a Mack tractor trailer operated by James Hicks and owned by James Collingwood. As a result of the collision five children traveling in the rear of plaintiff's vehicle were ejected onto the highway, where three were struck by a southbound tractor trailer. Two of plaintiff's children were killed and 10-year-old Michael Hough suffered a right leg amputation. Plaintiff also sustained serious injuries. A personal injury action against Hicks and Collingwood resulted in a verdict of $3,500,000 for plaintiff and $7,000,000 for Michael Hough. As it turned out Collingwood, doing business as Collingwood's Garage, maintained two separate liability insurance policies with defendant that were paid for by separate premiums; a business auto policy which had a limit of liability of $750,000

and a motor vehicle garage policy (hereinafter the garage policy), which had a liability limit of $100,000 per person and $300,000 per accident. Defendant paid the limits of the business auto policy but paid nothing pursuant to the garage policy. Consequently, plaintiff commenced this action for declaratory judgment and breach of contract seeking a determination that the garage policy provided coverage for the judgment. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied this motion and this appeal by defendant followed.

There must be an affirmance. We have examined the issues defendant claims entitles it to judgment as a matter of law and disagree that they are dispositive of the motion. We agree with Supreme Court that questions of fact exist with respect to whether the optional bodily injury liability coverage described in the garage policy applies in this case. Specifically, Supreme Court focused on language set forth under the title "Motor Vehicle Hazard", which pertains to the coverage for a vehicle used principally in garage operations but used occasionally for other business purposes. In support of its motion for summary judgment, defendant essentially submitted only the pleadings, the two insurance policies, a brief excerpt from Hicks' trial testimony and two affidavits from defendant's attorney not based on firsthand knowledge. The only competent information concerning the function and use of the Mack tractor trailer on the day of the accident was Hicks' brief statement that, on that day, he dropped off 13 pallets of cement in Ulster County and was on his way to Connecticut at the time of the collision. Absolutely no information as to the nature of Hicks' activities on that day or the frequency or the type of use of the vehicle at the time of the accident is contained in the record. The conclusory statements of defendant's attorney are without evidentiary value (see, Zuckerman v City of New York, 49 NY2d 557, 563). For that reason, defendant's citation to two exclusions contained in the garage policy is also not determinative because, again, adopting defendant's view would necessitate the improper adoption by us of facts and conclusions not properly drawn from the record. It is well settled that summary judgment should not be granted where arguable issues of triable fact have been presented (see, Passonno v Hall, 125 AD2d 767, 768).

Finally, we conclude that defendant has not established an entitlement to summary judgment based on general condition No. 14 of the garage policy which states: "TWO OR MORE POLICIES If the Named Insured has other insurance against a

loss covered by this policy and such other insurance was issued by [defendant], the limit of [defendant's] liability for that loss under all such policies combined is the highest limit of liability for the applicable coverage in any one of such policies." The business auto policy contains a similar clause and defendant asserts that this language means that, because Collingwood had two policies from defendant arguably covering the same loss, coverage is limited to $750,000, the higher limit contained in the business auto policy. We cannot accept this argument, however, based on the Court of Appeals' decision in *Carlino v Lumbermens Mut. Cas. Co.* (74 NY2d 350), which considered the effect of a standard "Two or More Policies" provision similar to the one contained in the garage policy in this case.* The Court noted that this clause lacked "the wording of a 'no liability' or 'escape' clause" while at the same time specifically applying to the same accident *(supra,* at 356). As a result, the Court rejected an interpretation of the clause which would preclude recovery under more than one policy because doing so would nullify the effect of the excess insurance provision in the applicable policies in contravention of 11 NYCRR former 60.1 (g) *(supra,* at 355).

Because the garage policy in this case also contains a similar excess insurance provision and the "Two or More Policies" provision states that the two policies apply to the same loss and no clear "no liability" clause is present, we conclude that the "Two or More Policies" clause here cannot serve to deny coverage under the garage policy *(see, Steinberg v State Farm Mut. Auto. Ins. Co.,* 181 AD2d 766, 767).

Weiss, P. J., Yesawich Jr., Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.

---

* We note that the fact that the two separate insurance policies at issue in *Carlino* had a husband and wife as the separate named insured is not a distinguishing factor here. As noted in *Carlino,* the language of the policies required the married spouses to be considered as one person *(Carlino v Lumbermens Mut. Cas. Co., supra,* at 354).