■ ALBERTA HORTON et al., Appellants, v CITY OF SCHENECTADY, Respondent. [599 NYS2d 171] —Harvey, J. Appeal from an order of the Supreme Court (Keniry, J.), entered September 14, 1992 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

This case has previously been before us (177 AD2d 823) and involves plaintiffs' claims for damages for injuries allegedly sustained in October 1975 when plaintiff Alberta Horton (hereinafter plaintiff) fell on a reportedly defective sidewalk

located in the City of Schenectady, Schenectady County. The matter came before us following a successful motion by defendant for summary judgment dismissing the complaint, principally on the ground that it did not receive prior written notice of the allegedly hazardous condition as required by Schenectady City Charter § 1.7. We modified this order on the basis that the allegations in plaintiffs' complaint primarily allege that defendant affirmatively created the allegedly dangerous condition in the sidewalk, a situation that removes a claim from the prior written notice requirement *(supra).* Because defendant's motion papers did not dispute the allegations of affirmative negligence, we sent the matter back for trial on those issues not concerning plaintiffs' claims of passive negligence on defendant's part *(supra,* at 824). Following our decision and the completion of discovery, defendant brought a new summary judgment motion seeking dismissal of the remainder of the complaint. Supreme Court granted this motion and this appeal followed.[1]

We affirm. We have examined the proof advanced by defendant in support of its summary judgment motion and conclude that its initial burden of demonstrating entitlement to this relief was met *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 554, 562). The focus of plaintiffs' claim is what actions defendant may or may not have taken with respect to the sidewalk where plaintiff fell on October 23, 1975. The sidewalk was located on State Street in front of a vacant lot upon which the Ellis Building once stood. The record indicates that the Ellis Building was owned by defendant and had been demolished by an independent contractor between February 20, 1975 and May 10, 1975, a short time before plaintiff's accident. Photographs of the accident scene were taken between the date of the accident and November 5, 1975. At her examination before trial plaintiff indicated that she fell in an area of patched sidewalk depicted in the photographs. Examination of the photographs reveals even to an untrained eye that the area where plaintiff fell had several old patches with obvious cracking and weathering. An affidavit from defendant's Street Facility Inspector and records custodian indicate that no record of any sidewalk repair in the area of plaintiff's accident for the period January 1, 1973 through January 1, 1976 could be discovered. This information was sufficient to

1. Apparently defendant has withdrawn its motion relating to its earlier claim that plaintiffs' attorneys should be disqualified on conflict of interest grounds *(see,* 177 AD2d 823, *supra).*

support defendant's claim that it did not commit the affirmative act of negligently repairing a defective sidewalk.[2]

In opposition to the motion, plaintiffs submitted only an attorney's affidavit not based on first-hand knowledge (see, *Hough v United States Fid. & Guar. Co.,* 192 AD2d 1035). Not only did plaintiffs fail to submit an affidavit from plaintiff or other evidence that would raise a triable issue of fact, an examination of the excerpt from plaintiff's examination before trial attached to defendant's motion papers does not suffice for this purpose. In it she states only that at no time prior to her fall did she notice any repairs or extra concrete being put down on the sidewalk where the accident occurred. While the photographs submitted may establish that at some time in the past prior to plaintiff's fall the sidewalk was patched, we agree that there are no facts in the record that establish that defendant ever performed any repairs, much less created a dangerous condition through the affirmative act of negligent repair.

Mikoll, J. P., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. While the information could well support a claim of passive negligence in failing to maintain the sidewalk in a safe fashion, such a claim has already been put beyond plaintiffs' reach by the failure to file a notice of claim (see, 177 AD2d 823, *supra).*