OPINION OF THE COURT
William H. Keniry, J.
Plaintiff Michael Knapp (hereinafter plaintiff) sustained personal injuries on November 5, 1989 while operating his motorcycle on a public sidewalk located adjacent to New York State Route 7 in the Town of Niskayuna, Schenectady County. The facts are somewhat out of the ordinary. While plaintiff was operating his motorcycle at 35 to 40 miles per hour westbound on Route 7, which is a heavily travelled highway, the motorcycle stalled. While coasting, plaintiff tried but failed to restart the engine. There was traffic behind him and the motorcycle, of course, began to slow down. As plaintiff approached the intersection of Route 7 and Mohegan Road, he believed that he was still travelling too fast to safely make a right turn onto Mohegan but was able to angle the motorcycle and enter upon the sidewalk that ran parallel to Route 7 at the intersection. Plaintiff had been applying the brakes and estimates that the motorcycle’s speed was 15 to 20 miles per hour when he reached the sidewalk. Plaintiff continued to slow the motorcycle and travelled some 150 feet on the sidewalk when he suddenly encountered a dense cluster of vines and wires hanging down from a telephone pole. Plaintiff’s helmet was ripped off. The motorcycle became entangled in the wires and "flipped over”.
Plaintiff, together with his wife, commenced this action against the New York Telephone Company (hereinafter NYT) and the Town of Niskayuna (hereinafter Town) alleging causes of action in negligence and nuisance. Discovery has been completed. A note of issue has been filed and the case is ready for trial.
NYT and the Town move for summary judgment. NYT’s motion is based upon the argument that, even assuming that the condition of tangled vines and wires existing at its telephone pole constituted negligence or nuisance on its part, plaintiff’s riding of a motorcycle on the sidewalk, in violation of the Vehicle and Traffic Law, was neither foreseeable nor contemplated thereby absolving NYT of legal responsibility for plaintiff’s injuries notwithstanding its negligence.
The Town’s motion is based upon plaintiff’s failure to com *880 ply with the prior written notice requirement set forth in Town Law § 65-a.
Plaintiff opposes NYT’s motion arguing that the condition of tangled vines and wires hanging over the sidewalk existed for a long time and constituted an obvious hazard to all users of the sidewalk, including pedestrians and bicyclists, and that the issue of whether or not plaintiff as a motorcyclist was a foreseeable user presents a triable issue of fact. Furthermore, the hanging wires, according to plaintiff, constituted defective equipment of the Telephone Company since the wires originally led from the pole to a house which had burned down months before and the wires had been intentionally left to dangle rather than being removed.
Plaintiff argues that the dangerous condition which existed did not constitute a defect within the meaning of Town Law § 65-a and thus prior written notice was not required to be given to the Town as a condition precedent to recovery.
The court’s function in reviewing the merits of summary judgment motions is first one of issue finding, rather than issue determination (Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., 83 NY2d 178; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395; Graff v Amodeo, 178 AD2d 901). The court must decide whether a plenary trial is necessary to resolve genuine, factual issues (Barr v County of Albany, 50 NY2d 247). To prevail on a summary judgment motion, the proponent must establish a claim or defense as a matter of law based upon a tender of evidentiary proof in admissible form (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065; Wilder v Rensselaer Polytechnic Inst., 175 AD2d 534). Once a prima facie showing is made, the opponent must make an evidentiary showing that issues of fact exist and "must assemble and lay bare affirmative proof to establish that the matters are real and capable of being established upon a trial” (Del Giacco v Noteworthy Co., 175 AD2d 516, 517). "Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to defeat summary judgment (Alvord & Swift v Muller Constr. Co., 46 NY2d 276)” (Anable v Bollentin, 175 AD2d 545, 546).
The court, in considering whether to grant such plenary relief, is required to accept as true the factual allegations of the opposing party and view the facts in a light most favorable to such party (Russell v Hepburn Hosp., 154 AD2d 796; Roberts v Town of Colchester, 139 AD2d 819; Bershaw v Altman, 100 AD2d 642).
*881 In Tomassi v Town of Union (46 NY2d 91), the Court of Appeals made it clear that the travel of a motorist beyond the limits of a highway is "neither contemplated nor foreseeable” (see, McKenna v Garcia, 189 AD2d 756, 757; Crecca v Central Hudson Gas & Elec. Corp., 146 AD2d 858).
The court does not accept plaintiffs argument that his operation of the motorcycle on the sidewalk was a foreseeable event. Such operation is a violation of section 1225-a of the Vehicle and Traffic Law. Upon this record, the court, even assuming that NYT was negligent in failing to remove the hanging wires, is unable to conclude that plaintiffs cycling on the sidewalk was foreseeable in the legal sense thereby imposing a duty of care by NYT towards plaintiff. When plaintiff elected to operate his vehicle on the sidewalk as opposed to turning onto Mohegan Road or driving on the shoulder of Route 7, he proceeded at his risk. Plaintiff was not a pedestrian or bicyclist. The fact that NYT may have owed such classes of users of the sidewalk a duty of care cannot be translated as extending such duty to plaintiff. Absent the existence of a duty of care, an action in negligence based upon a breach of duty does not lie.
Defendant NYT’s motion for summary judgment is granted without costs and plaintiffs complaint is dismissed.
It is well settled that the imposition of liability upon a municipality, absent evidence of affirmative negligence, hinges upon whether prior written notice of the allegedly defective condition was given. Town Law § 65-a (2) provides, in pertinent part, that "[n]o civil action shall be maintained against any town * * * for damages or injuries to person or property sustained by reason of any defect in its sidewalks * * * unless such sidewalks have been constructed or maintained by the town * * * nor shall any action be maintained for damages or injuries to person or property sustained by reason of such defect * * * unless written notice thereof * * * was actually given to the town clerk or to the town superintendent of highways, and there was a failure or neglect to cause such defect to be remedied * * * within a reasonable time after the receipt of such notice”.
Here there is no claim made that the Town affirmatively created the defective condition which plaintiff contends caused his injuries. Thus the Town’s alleged negligence constitutes acts of nonfeasance which mandate that prior written notice be given (Monteleone v Incorporated Vil. of Floral Park, 74 *882 NY2d 917; Horton v City of Schenectady, 177 AD2d 823, later appeal 194 AD2d 973). Here the Town avers that the sidewalk in question was located adjacent to a State-owned highway and was not even within its ambit of control but that notwithstanding such fact, the Town never received written notice of the alleged defective condition. Faced with such a showing, plaintiff was required to come forward with proof to demonstrate either that prior written notice was given or that the Town actively caused or created the condition (Du Pont v Town of Horseheads, 163 AD2d 643; O’Rourke v Town of Smithtown, 129 AD2d 570). Plaintiff has not done either.
Defendant Town’s motion is granted without costs and plaintiff’s complaint is dismissed.