■ TIMOTHY P. DUMBLEWSKI et al., Individually and Doing Business as S.F.T.D. SERVICE CENTERS, Appellants, v ITT HARTFORD INSURANCE GROUP, Respondent, et al., Defendant. [623 NYS2d 374] —Cardona, P. J. Appeal from an order of the Supreme Court (Best, J.), entered January 21, 1994 in Montgomery County, which, *inter alia,* granted defendant ITT Hartford Insurance Group's motion for summary judgment and declared that said defendant was not obligated to defend or indemnify plaintiffs in two pending civil actions.

Plaintiff Timothy P. Dumblewski (hereinafter plaintiff) and his wife, plaintiff Sharon M. Dumblewski, are the owners/operators of S.F.T.D. Service Centers, a gas station located in the City of Amsterdam, Montgomery County. Lori Jackowski heard a banging noise in the front end of her automobile and experienced problems with the front axle. She arranged to leave her automobile at plaintiffs' gas station for repairs. Jackowski knew that plaintiff would test drive the vehicle. Four or five days later on Saturday, June 23, 1990, plaintiff closed the gas station at about 9:15 P.M. and drove Jackowski's vehicle to Geno's Pub. Plaintiff drank eight highballs and met Penny Raab. They left Geno's Pub at 12:30 A.M. and went to another bar where plaintiff drank one half of another highball. Plaintiff left the bar to take Raab home using Jackowski's vehicle and, at 1:55 A.M. on Sunday, June 24, 1990 they were involved in an automobile accident with a vehicle driven by Lloyd Edgar.*

Both Raab and Edgar commenced personal injury actions naming plaintiffs and S.F.T.D. as defendants. Plaintiffs commenced a third-party action impleading others including S.F.T.D.'s business insurer, defendant ITT Hartford Insurance Group (hereinafter Hartford), for indemnification and a declaratory judgment regarding coverage under a policy of liability insurance. After the declaratory judgment action was severed from the two personal injury actions, Hartford moved for summary judgment and plaintiffs cross-moved for summary judgment. Finding that Hartford was not obligated to defend

---

* As a result of this accident, plaintiff pleaded guilty to driving while intoxicated and unlicensed operation of a motor vehicle (plaintiff's license had been suspended since Nov. 1989).

and indemnify plaintiffs, Supreme Court granted Hartford's motion and denied plaintiffs' cross motion. Plaintiffs appeal.

Under the policy at issue, Hartford agreed to "pay all sums the *insured* legally must pay as damages because of *bodily injury* or *property damage* to which this insurance applies caused by an *accident* and resulting from *garage operations*" (emphasis in original). The dispositive issue is whether the accident arose out of "garage operations" within the meaning of the policy. Under the circumstances of this case, the policy language restricts the application of "garage operations" to the use of covered autos. The borrowed Jackowski vehicle is a covered auto within the meaning of the policy only if it was being used "in connection with [plaintiffs'] garage business". Here, the undisputed facts belie plaintiff's claim that he was "test-driving" Jackowski's vehicle at the time of the accident. His use of the vehicle was clearly personal.

Significantly, neither complaint alleges that, at the time of the accident, plaintiff was operating Jackowski's vehicle in connection with his garage business *(see, Smith Pontiac-GMC Truck Ctr. v Hartford Acc. Indem. Co.,* 194 AD2d 906, 907). Based upon our review of the language of the policy in issue and the factual allegations of the complaints in the underlying personal injury actions, we discern no factual or legal basis for indemnification under any of the provisions of the policy and, therefore, no duty to defend as a matter of law *(see, Minerva v Merchants Mut. Ins. Co.,* 117 AD2d 720; *compare, Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875). Accordingly, Hartford was properly awarded summary judgment dismissing the complaint *(cf., Hough v United States Fid. & Guar. Co.,* 192 AD2d 1035).

Mercure, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.