■ Barbara Miller, Individually and as Parent and Guardian of Kenneth Miller, an Infant, Respondent, v City of Troy, Appellant. [638 NYS2d 241] —Cardona, P. J. Appeal from an order of the Supreme Court (Spain, J.), entered November 22, 1994 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

On April 8, 1993, Kenneth Miller, then 14 years old, was riding his bicycle home on an alleyway running between Campbell Avenue and Sheridan Avenue in the City of Troy, Rensselaer County, when he allegedly hit a pothole causing him to

fall and sustain personal injuries. Plaintiff commenced this action on behalf of her son and for loss of his services. Following joinder of issue, defendant moved for summary judgment on the ground that plaintiff failed to comply with defendant's prior written notice law (*see,* Local Laws, 1983, No. 1 of City of Troy) in that written notice of the alleged defect was never given to defendant's City Clerk prior to the injury. Supreme Court denied defendant's motion and defendant appeals.

Defendant has submitted proof through the affidavits of the City Clerk and senior civil engineer that it did not receive written notice of the defective condition prior to April 8, 1993, that it does not perform routine inspections of alleyways nor did it inspect the alleyway in question before Miller's accident. The affidavits also contained proof that defendant did not perform any affirmative act which created the pothole. This proof was sufficient to demonstrate lack of prior written notice and the absence of an established exception to the prior written notice requirement (*see, Krach v Town of Nassau,* 217 AD2d 737; *Klimek v Town of Ghent,* 114 AD2d 614, 615-616; *Haviland v Smith,* 91 AD2d 764; *Blake v City of Albany,* 63 AD2d 1075, *affd* 48 NY2d 875). Therefore, defendant made a prima facie showing of entitlement to summary judgment relief (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562).

To successfully oppose defendant's motion for summary judgment, plaintiff was required to come forward with evidentiary proof that would raise a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York, supra,* at 562). In opposition to the motion, plaintiff submitted her attorney's affidavit which referred to a police report. Neither the affidavit of plaintiff's attorney nor the excerpts from the examinations before trial of plaintiff or her son raised facts sufficient to require a trial on the issue of whether this case falls within an established exception to the prior written notice requirement (*see, Krach v Town of Nassau, supra*). Therefore, in the absence of prior written notice that defendant was made aware of the defective condition, Supreme Court should have granted defendant's motion and dismissed the complaint (*see, Horton v City of Schenectady,* 194 AD2d 973).

Mercure, Crew III, White and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.