■ PATSY A. BANTA, Individually and as Conservator of the Property of DORAC A. BANTA, as Conservatee, Appellant-Respondent, v COUNTY OF ERIE, Defendant, and TOWN OF CHEEKTOWAGA, Respondent-Appellant, and TOWN OF AMHERST, Appellant-Respondent. (And Another Action.)—Order unanimously modified on the law and as modified affirmed, without costs in accordance with the following memorandum: Plaintiff brought this action against the County of Erie, Town of Cheektowaga and Town of Amherst alleging that her conservatee was injured as a result of defendants' negligence in designing, constructing, maintaining and signing Youngs Road and failing to remove snow and ice therefrom. Amherst cross-claimed against Cheektowaga for contribution. At the point where the accident occurred, Youngs Road crosses over the New York State Thruway and is bisected by the Cheektowaga/Amherst town line. The southbound lane is in Amherst and the northbound lane, in which plaintiff's conservatee was driving, is in Cheektowaga. Upon Cheektowaga's motion for summary judgment, the court dismissed the complaint and cross claim in their entirety on the ground that Cheektowaga had no duty to the injured driver.

The court properly granted summary judgment dismissing the complaint and cross claim against Cheektowaga insofar as they were based on a theory of negligent design and construction. The record establishes that the State designed and constructed the bridge and roadway; therefore, Cheektowaga cannot be liable for any defects. The court erred, however, in finding that Cheektowaga had no duty to maintain the road, erect signs and remove snow and ice therefrom. A municipal-

ity has a nondelegable duty to members of the traveling public to keep its roads in reasonably safe condition (see, Lopes v Rostad, 45 NY2d 617, 623; Sanchez v Lippincott, 89 AD2d 372, 373). Cheektowaga's historical neglect of its maintenance responsibilities does not negate its duty to the public, and summary judgment should not have been granted on that basis.

However, the court erred in failing to consider Cheektowaga's alternative ground for summary judgment based on the absence of written notice of defect (Town Law § 65-a [1]). Cheektowaga sustained its burden of establishing that no written notice had been given, and neither plaintiff nor Amherst controverted that showing. The failure of plaintiff to plead and prove compliance with the notice of defect requirement of Town Law § 65-a requires dismissal of both her complaint and Amherst's cross claim insofar as they allege that Cheektowaga negligently failed to remove snow and ice (Town Law § 65-a; see, Powell v Gates-Chili Cent. School Dist., 50 AD2d 1079, 1080; cf., Kramme v Town of Hempstead, 100 AD2d 447). Nevertheless, the notice of defect requirement has no application to the claim that Cheektowaga failed to erect proper warning signs upon the road (De Francisci v Baron, 97 AD2d 453, 454; cf., Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362) and Cheektowaga's motion for summary judgment on that claim should be denied. We therefore modify the order to grant partial summary judgment to Cheektowaga on all claims and cross claims except those seeking to impose liability for negligent failure to erect proper signs. (Appeals from order of Supreme Court, Erie County, Joslin, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Pine and Davis, JJ.