■ JOSEPHINE KRYSINSKI, Appellant, v CITY OF ROCHESTER, Respondent.—Order unanimously affirmed without costs. Memorandum: A municipality may specify, as a necessary condition precedent to bringing a personal injury action, that prior written notice of defect be established *(see,* General Municipal Law § 50-e [4]; *Leary v City of Rochester,* 115 AD2d 260, *affd* 67 NY2d 866; *Zimmerman v City of Niagara Falls,* 112 AD2d 17; *Drzewiecki v City of Buffalo,* 51 AD2d 870, 871). In support of its motion for summary judgment, defendant established that its City Charter contains a prior written notice requirement. In addition, defendant submitted affidavits

by several city employees who averred that they examined the notice of defect log maintained by the city and found no prior written notice of sidewalk defect at any point in the vicinity of where plaintiff claimed the accident occurred. Since plaintiff failed to submit competent proof to contradict the city's assertion that it had not received the statutorily required prior written notice of the alleged defect, defendant's motion for summary judgment dismissing the complaint was properly granted *(see, Leary v City of Rochester, supra; Zimmerman v City of Niagara Falls, supra; Waring v City of Saratoga Springs,* 92 AD2d 1080). (Appeal from order of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.