■ LILLIAN C. KEELER et al., Appellants, v CITY OF SYRACUSE, Respondent.—Order unanimously affirmed without costs, in accordance with the following memorandum: We agree that defendant city is entitled to summary judgment dismissing plaintiffs' negligence cause of action but not on the grounds specified by Special Term, to wit, that it was barred by the Statute of Limitations. Plaintiff's injuries resulted when she tripped and fell due to an allegedly defective sidewalk in the City of Syracuse. A notice of claim was timely served within 90 days of the incident, and the summons and complaint were also served within one year and 90 days therefrom. Plaintiffs concede that the city had no prior written notice of the defect, but they contend that none was required as the city created the dangerous condition (see, Muszynski v City of Buffalo, 33 AD2d 648, affd on opn below 29 NY2d 810; Hogan v Grand Union Co., 126 AD2d 875, 876; Rehfuss v City of Albany, 118 AD2d 987; Barrett v City of Buffalo, 96 AD2d 709, 710). However, plaintiffs' complaint fails to allege that the city affirmatively created the dangerous condition of the sidewalk. The complaint alleges a cause of action based upon the city's failure to maintain the sidewalk in a reasonably safe condition for pedestrians. A municipality may specify as a necessary condition precedent to bringing a personal injury action

that prior written notice of defect be established *(Leary v City of Rochester,* 115 AD2d 260, *affd* 67 NY2d 866; *Krysinski v City of Rochester,* 134 AD2d 891). Since the city did not have prior written notice of the defect as required by the Syracuse City Charter § 8-115, the city's motion for summary judgment was properly granted. (Appeal from order of Supreme Court, Onondaga County, Murphy, J.—summary judgment.) Present —Callahan, J. P., Denman, Boomer, Green and Lawton, JJ.