■ LINDA K. DOBRANSKY, Respondent, v CITY OF WATERTOWN, Appellant, and J. C. PENNEY Co., INC., et al., Respondents.—Order unanimously reversed on the law with costs, defendant City of Watertown's motion granted and complaint dismissed. Memorandum: Plaintiff was injured when she fell on a portion of the sidewalk located in front of the J. C.

Penney store in the City of Watertown. She alleges that her fall was caused by a defective condition of the sidewalk. A notice of claim was timely served within 90 days of the incident, and the summons and complaint were also served within one year and 90 days therefrom. Defendant City of Watertown contends that the complaint fails to state a cause of action because it does not contain an allegation that the city had prior written notice of the defect as required by section 231 of the Charter of the City of Watertown. Plaintiff concedes that the city had no prior written notice of the defect, but contends that none was required because the city had acknowledged that the sidewalk was in a state of general disrepair in a "Notice to Repair" sent to J. C. Penney Co., Inc. immediately following an inspection made of the sidewalk some three years prior to the subject accident. Special Term denied defendant's motion for summary judgment on the ground that a factual issue was presented whether the city had actual or constructive knowledge of the defective condition. Summary judgment should have been granted to the city dismissing plaintiff's complaint.

A municipality may require, as a necessary condition precedent to bringing a personal injury action, that prior written notice of defect be established *(Keeler v City of Syracuse,* 143 AD2d 518; *Krysinski v City of Rochester,* 134 AD2d 891; *Leary v City of Rochester,* 115 AD2d 260, *affd* 67 NY2d 866). That requirement, however, can be avoided if it is shown that the city created the dangerous condition *(see, Muszynski v City of Buffalo,* 33 AD2d 648, *affd on opn below* 29 NY2d 810), or where unusual circumstances prevail *(see, Blake v City of Albany,* 63 AD2d 1075, *affd on other grounds* 48 NY2d 875 [where the area in question was inspected on almost a daily basis by the city to ensure against the very danger that caused the accident]; *see also, Klimek v Town of Ghent,* 114 AD2d 614). Here, it is conceded that the city did not receive written notice of defect and there is no claim that the city created the dangerous condition. In addition, plaintiff has failed to demonstrate the existence of unusual circumstances so as to avoid the written notice requirement of the City Charter.

In view of the foregoing, we need not reach the issue whether Special Term abused its discretion in permitting plaintiff to amend her notice of claim. (Appeal from order of Supreme Court, Jefferson County, Inglehart, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.