■ FREDERICK J. TOOHEY, III, Appellant, v TOWN OF BRUNS-WICK, Respondent. [595 NYS2d 132] —Yesawich Jr., J. P. Appeal from an order of the Supreme Court (Travers, J.), entered March 9, 1992 in Rensselaer County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

When plaintiff, driving a fully laden dump truck on Liberty Road, an unmarked gravel road in the Town of Brunswick, Rensselaer County, pulled toward the right side of the road to permit an approaching vehicle to pass, the shoulder of the road collapsed, causing plaintiff's truck to roll on its side into an adjacent ditch. Plaintiff thereafter commenced this action to recover for his injuries, alleging that the accident was the result of defendant's negligence in constructing or maintaining the road, or in failing to adequately warn of the danger. After issue was joined and some discovery had, defendant moved for summary judgment dismissing the complaint on the factually uncontroverted ground that no prior written notice of a defect in the highway had been filed with it, as required by local law. Supreme Court granted defendant's motion, and plaintiff appeals.

The complaint alleges that defendant negligently "designed, created, constructed, owned, maintained, controlled and/or inspected" the roadway. Although defendant denies constructing or designing the road, and plaintiff has produced no contrary proof, it is undisputed that defendant owns the road and has maintained it for at least 16 years. Defendant's Superintendent of Highways testified that this maintenance includes adding gravel and regrading the road every year, in addition to cutting brush and trees. Furthermore, plaintiff's engineer, in an affidavit submitted in opposition to defendant's motion, states that "the dirt and gravel which [defendant] had used to build up the adjacent roadway surface * * * was piled so steeply that it could not be, and was not, compacted properly". He goes on to opine that this steep build-up, coupled with lack of a retaining wall or other lateral support, led to the collapse which precipitated the accident. From these facts it can reasonably be inferred that, by dumping gravel on the roadbed every year, defendant created the steep slope that was the cause of the accident *(see, Negri v Stop & Shop,* 65 NY2d 625, 626).

In sum, plaintiff's submissions create a material triable

issue of fact with regard to whether defendant, by its affirmative acts in maintaining the road, created a dangerous condition and therefore may be held liable even absent prior written notice (see, Kiernan v Thompson, 73 NY2d 840, 841-842).

Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.