■ ERNESTINE C. MERCHANT, Individually and as Parent and Natural Guardian of ROSANNE SGUEGLIA, an Infant, Respondent, v TOWN OF HALFMOON, Appellant. (And a Third-Party Action.) [599 NYS2d 687] —Crew III, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered July 21, 1992 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

This personal injury action arises out of an automobile accident that occurred on Johnson Road in the Town of Halfmoon, Saratoga County. On the evening of January 23, 1985, Rosanne Sgueglia was one of five passengers in a vehicle owned and operated by third-party defendant, Wayne E. Shultes. At the time of the accident, the Shultes vehicle was proceeding in an easterly direction along Johnson Road. As the Shultes vehicle entered a curve in the road, the right front and rear wheels slid off the pavement and onto the abutting shoulder. As the vehicle came out of the curve, it left the road entirely, overturned several times and eventually came to rest in an open field. Sgueglia was apparently ejected from the vehicle and sustained serious injuries.

Plaintiff thereafter commenced this action alleging, *inter alia,* that defendant was negligent in its design, construction, repair and maintenance of Johnson Road.[1] Defendant answered and thereafter commenced a third-party action against Shultes, who has apparently defaulted. Following discovery and service of amended pleadings, defendant moved for summary judgment dismissing the complaint on the grounds that Johnson Road was properly designed, constructed and maintained as a matter of law, that defendant had not received prior written notice of any defect in Johnson Road, and that the sole proximate cause of the accident and Sgueglia's injuries was Shultes' negligence. Supreme Court denied the motion and this appeal by defendant followed.

---

1. This action was the subject of a prior appeal regarding the sufficiency of plaintiff's notice of claim *(see,* 168 AD2d 776).

Defendant initially contends that any claims concerning alleged defects in Johnson Road should have been dismissed due to plaintiff's failure to comply with the prior written notice requirements set forth in Local Laws, 1980, No. 2 of the Town of Halfmoon.[2] It is well settled, however, that "if the complaint alleges that the municipality created or caused the hazardous condition, prior written notice is not required to maintain the action" (Hogan v Grand Union Co., 126 AD2d 875, 876; see, Horton v City of Schenectady, 177 AD2d 823; Humes v Town of Hempstead, 166 AD2d 503, 504). Here, plaintiff has alleged affirmative acts of negligence by defendant including, inter alia, negligent design, construction and signing of Johnson Road, thereby obviating the need to plead and prove compliance with defendant's prior written notice provision (see, e.g., Alexander v Eldred, 63 NY2d 460, 467; Toohey v Town of Brunswick, 191 AD2d 858; Humes v Town of Hempstead, supra, at 504; Rogers v County of Saratoga, 144 AD2d 731, 732). We note, however, that plaintiff's complaint and amended complaint also allege various claims of passive negligence or nonfeasance, such as negligent maintenance or repair of Johnson Road. The record establishes that defendant did not receive prior written notice of these claims and, therefore, defendant is entitled to partial summary judgment as to those theories of liability premised upon its alleged nonfeasance in failing to maintain or repair Johnson Road (see, Horton v City of Schenectady, supra; Rogers v County of Saratoga, supra, at 732-733).

Defendant next contends that the record establishes that Johnson Road was properly designed and constructed as a matter of law. We cannot agree. Although there is some question as to whether defendant actually designed and/or constructed Johnson Road, this raises a factual issue that cannot be disposed of on a motion for summary judgment particularly where, as here, the record reveals that Johnson Road is part of defendant's highway system and it appears that defendant has maintained the road for a number of years (see generally, Toohey v Town of Brunswick, supra; Hogan v Grand Union Co., supra, at 876). Additionally, the affidavit

2. Local Laws, 1980, No. 2 of the Town of Halfmoon provides, in pertinent part, that "[n]o civil action shall be maintained against the Town of Halfmoon or its superintendent of highways for damages or injuries to person or property sustained by reason of any highway * * * being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such * * * condition * * * was actually given to the town clerk or town superintendent of highways".

submitted by plaintiff's expert, John Serth, a licensed professional engineer, plainly raises a question of fact as to whether defendant caused or created the dangerous condition alleged to exist on Johnson Road. The record indicates that Serth took measurements of the south shoulder on Johnson Road near where the accident occurred and discovered that although the shoulder along the curved portion of the road was approximately five feet wide and relatively level, the shoulder suddenly narrowed as the curve ended and was roughly two feet wide at the approximate location where the Shultes vehicle left the roadway. Serth averred that the narrowing of the south shoulder of Johnson Road, together with the sudden and substantial drop-off into the adjacent drainage ditch and the lack of illumination and warning signs, "created a dangerous condition which was a substantial proximate cause of the accident and a substantial factor in producing the injuries suffered by * * * Sgueglia". In Serth's view, the sudden reduction in shoulder width and the accompanying drop-off caused the Shultes vehicle to become "trapped" in the drainage ditch and, "[h]ad the shoulder remained constant in width and elevation or had there been proper warning devices * * * Shultes would have been able to successfully regain the paved portion of the roadway and avoid[ ] the accident". Serth further opined that these alleged defects were exacerbated when defendant repaved Johnson Road in 1982 or 1983 and that, at a minimum, defendant should have placed "narrow shoulder" or "no shoulder" signs or "cats eye" markers to warn motorists of the existing conditions. Thus, we are of the view that defendant's motion for summary judgment as to the negligent design and construction claims was properly denied.

The remaining arguments advanced by defendant do not merit extended discussion. Although a municipality is afforded qualified immunity from liability for highway planning decisions (see generally, Green v County of Niagara, 184 AD2d 1044; Ganios v State of New York, 181 AD2d 859, 860), there is nothing in the record before us, save defendant's conclusory assertions, to indicate that defendant's decisions regarding the design, construction, repaving or signing of Johnson Road were the product of a reasoned plan or study (see generally, Bailey v Honda Motor Co., 144 AD2d 119, 120-121, lv denied 73 NY2d 705; cf., Rittenhouse v State of New York, 134 AD2d 774, 775). Finally, contrary to defendant's assertion, the record before us does not establish, as a matter of law, that Shultes' alleged negligence was the sole proximate cause of the accident.

Weiss, J. P., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that portion of the motion seeking dismissal of any claims based upon the failure to maintain or repair the roadway; motion granted to that extent and said claims are dismissed; and, as so modified, affirmed.