■ FLORENCE GOOD, Appellant, v COUNTY OF SULLIVAN et al., Respondents, et al., Defendants. [604 NYS2d 285] —Crew III, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered June 8, 1992 in Sullivan County, which granted a motion by defendant Town of Rockland for summary judgment dismissing the complaint against it, and (2) from an

order of said court, entered June 11, 1992 in Sullivan County, which granted a cross motion by defendant County of Sullivan for summary judgment dismissing the complaint against it.

This personal injury action arises out of an automobile accident that occurred on Beaverkill Road in the Town of Rockland, Sullivan County, on November 5, 1986. At the time of the accident, defendant Thomas Scardino was proceeding in a southerly direction along Beaverkill Road, which was covered with approximately one inch of snow. As Scardino approached and crossed a small bridge, he lost control of his vehicle and slid into the northbound lane, striking plaintiff's vehicle.

Plaintiff thereafter commenced this action against, among others, defendants County of Sullivan and Town of Rockland alleging, *inter alia,* that the County and Town were negligent in their design, construction, repair and maintenance of Beaverkill Road and the subject bridge. Following joinder of issue, the Town moved for summary judgment dismissing the complaint and all cross claims asserted against it and the County cross-moved for similar relief. Supreme Court granted the respective motions, finding that plaintiff had failed to comply with the Town and County's prior written notice provisions and, further, that Scardino's negligence was the sole proximate cause of the accident. This appeal by plaintiff followed.

With respect to the Town's motion for summary judgment, we note that it is undisputed that both the bridge and Beaverkill Road are owned by the County and that the Town's sole responsibility in this regard is to perform snow removal and related work during the winter months pursuant to a written contract with the County. Additionally, the record indicates that the Town has enacted a prior written notice law which provides, *inter alia,* that no civil action may be maintained against the Town solely in consequence of the existence of snow or ice on any highway or bridge unless written notice specifying the exact spot was actually given to the Town and there was a failure or neglect to remedy the situation within a reasonable time thereafter *(see,* Town of Rockland Municipal Code, ch 7, § 7.2). Plaintiff concedes that she failed to comply with this provision and, therefore, the Town's motion for summary judgment was properly granted *(see generally, Conroy v County of Cattaraugus,* 176 AD2d 1228; *cf., Lang v County of Sullivan,* 184 AD2d 981).

Turning to the County's cross motion, we note initially that plaintiff's failure to plead and prove compliance with the

County's prior written notice provision* is fatal to the various claims of passive negligence alleged in the complaint, including the negligent repair and maintenance of Beaverkill Road and the subject bridge *(see, Merchant v Town of Halfmoon,* 194 AD2d 1031, 1031-1032; *Horton v City of Schenectady,* 177 AD2d 823, 823-824). Plaintiff has further alleged, however, that the County was negligent in its design, construction and signing of Beaverkill Road and the bridge area, and it is well settled that "if the complaint alleges that the municipality created or caused the hazardous condition, prior written notice is not required to maintain the action" *(Hogan v Grand Union Co.,* 126 AD2d 875, 876; *see, Merchant v Town of Halfmoon, supra,* at 1031-1032).

As to the merits of these claims, in view of Scardino's admitted familiarity with Beaverkill Road and the bridge, the fact that Scardino was traveling at or under the posted speed limit at the time of the accident and the weather conditions then existing, we agree with Supreme Court's determination that any defect in the signing of Beaverkill Road and/or the bridge area was not a proximate cause of the accident *(cf., Applebee v State of New York,* 308 NY 502). With respect to the negligent design and construction claim, we note initially that although there is some question as to whether the County actually designed and/or constructed Beaverkill Road and/or the bridge, this Court has previously held that a municipality's admitted ownership and maintenance of a road is sufficient to raise question of fact in this regard *(see, Merchant v Town of Halfmoon, supra,* at 1032-1033; *Toohey v Town of Brunswick,* 191 AD2d 858, 859). Additionally, we are of the view that the affidavit submitted by plaintiff's engineering expert is sufficient to defeat the County's motion for summary judgment regarding these claims *(see generally, Merchant v Town of Halfmoon, supra);* plaintiff's expert identified the specific design and construction defect present and opined that such defect was a contributing cause of the accident. Accordingly, this portion of the County's cross motion should have been denied.

Weiss, P. J., Mikoll, Yesawich Jr. and White, JJ., concur.

---

* Local Laws, 1982, No. 9 of the County of Sullivan provides, in pertinent part, that "[n]o civil action shall be maintained against the County of Sullivan for damages or injuries to person or property sustained by reason of any highway [or] bridge * * * being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such * * * condition [is] actually given to the Clerk of the Board of Supervisors or the Commissioner of Public Works".

Ordered that the order entered June 8, 1992 is affirmed, without costs. Ordered that the order entered June 11, 1992 is modified, on the law, without costs, by reversing so much thereof as granted defendant County of Sullivan's cross motion for summary judgment dismissing the complaint as to the negligent design and construction causes of action; motion denied to said extent; and, as so modified, affirmed.