■ EMILY MARTINEZ, Appellant, v KARL PILGRIM, Respondent. [615 NYS2d 78] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated December

10, 1992, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting therefrom the provision which granted that branch of the defendant's motion which was to dismiss the plaintiff's second cause of action, and substituting therefore a provision denying that branch of the defendant's motion; as so modified, the order is affirmed, with costs to the appellant.

The trial court properly dismissed the plaintiff's first cause of action to recover damages for her mental and emotional injuries stemming from the stillbirth *(see, Buzniak v County of Westchester,* 156 AD2d 631). However, the plaintiff's second cause of action alleges that the defendant improperly waited 15 hours before delivering the dead child by caesarean section, and that as a result the plaintiff was caused to undergo excruciating physical and mental pain. This has been held to constitute a separate and cognizable cause of action distinct from claims involving the stillbirth itself *(see, McLean v Lilling,* 140 Misc 2d 191). Although the defendant's motion sought dismissal of the complaint on the grounds that it failed to state causes of action, it appears that in connection with the plaintiff's second cause of action the court improperly converted the motion to dismiss to one for summary judgment without providing notice to the parties *(see, Mihlovan v Grozavu,* 72 NY2d 506). In dismissing this cause of action on the merits as it did, the court recognized that a cause of action had been correctly pleaded. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.