■ MICHAEL H. GRAY et al., Respondents, v JASON FANE, Respondent, and CITY OF ITHACA, Appellant, et al., Defendants. [621 NYS2d 192] —Casey, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered November 24, 1993 in Tompkins County, which denied defendant City of Ithaca's motion for summary judgment dismissing the complaint against it.

This action arose out of a slip and fall accident which occurred as a result of an accumulation of ice and snow along a sidewalk which adjoins the property of the individual defendants. Defendant City of Ithaca supported its motion for summary judgment by submitting undisputed evidence of no compliance with the prior written notice requirement of a local law. The burden, therefore, shifted to plaintiffs to demonstrate by evidence in admissible form some affirmative negligence by the City *(see, Fezza v Rogers,* 167 AD2d 599, 600). We are of the view that plaintiffs met their burden with evidence that the City's snowplowing operations created or contributed to the condition that caused the slip and fall *(see, Siddon v Fishman Co.,* 65 AD2d 832, *lv denied* 46 NY2d 714). Although there is no direct evidence that the City's snowplowing operations created the condition, it is undisputed that the sidewalk abuts the curbline of the street and the City concedes that its snowplowing operations have, on occasion, pushed snow over the curbline and onto the sidewalk where the slip and fall occurred. The photographic evidence in the record shows the ice and snow extending all the way across the sidewalk from the curbline to the building which abuts the opposite edge of the sidewalk. The evidence gives rise to an inference that the

accumulation of ice and snow was the result, at least in part, of ice and snow pushed over the curbline and onto the sidewalk by the City's snowplowing operations. The City apparently concedes as much, but contends that any such inference is negated by other evidence in the record.

There is evidence in the record that a minimum snowfall of 4 to 6 inches is necessary before snow can be pushed over the curbline by a snowplow, and according to climatological reports in the record no such snowfall occurred on any of the 17 days preceding the slip and fall. At best, the evidence demonstrates that the City's snowplowing operations did not push snow and ice over the curbline during the 17-day period prior to the slip and fall. The slip and fall occurred late in the winter season, however, and the photographic evidence shows the snow and ice to be dirty, hardpacked and rutted. It cannot be said that as a matter of law the evidence precludes an inference that the City's snowplowing operations caused or contributed to the condition. Accordingly, Supreme Court correctly denied the City's motion for summary judgment.

Mikoll, J. P., Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs to plaintiffs.