■ PAUL BRABENDER et al., Appellants, v INCORPORATED VILLAGE OF NORTHPORT, Respondent. [634 NYS2d 755] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated March 25, 1994, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiffs' two causes of action are based on allegations that the defendant was negligent in the "design, construction and maintenance of Ocean Avenue at or about its intersection

with Dogwood Road in the Village of Northport" and on allegations that the defendant failed to "provide adequate warnings that said roadway [was] slippery when wet". In other words, the plaintiffs, in their complaint, have "alleged affirmative acts of negligence by defendant including, *inter alia,* negligent design, construction and signing of [Ocean Avenue], thereby obviating the need to plead and prove compliance with defendant's prior written notice provision" *(Merchant v Town of Halfmoon,* 194 AD2d 1031, 1032, citing *Alexander v Eldred,* 63 NY2d 460; *Toohey v Town of Brunswick,* 191 AD2d 858; *Humes v Town of Hempstead,* 166 AD2d 503, 504; *Rogers v County of Saratoga,* 144 AD2d 731; *see also, Hughes v Jahoda,* 75 NY2d 881; *Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362; *Bounauito v William Floyd School Dist.,* 203 AD2d 225; *Rhodes v Bauer,* 173 AD2d 452; *Burgess v Town of Hempstead,* 161 AD2d 616). The plaintiffs' failure to plead compliance with CPLR 9804 and Village Law § 6-628 cannot, therefore, serve as the basis for dismissal of the complaint pursuant to CPLR 3211 (a) (7).

The defendant's motion was made prior to the service of its answer pursuant to CPLR 3211 (a) (7). In opposition to this motion, the plaintiffs' counsel asserted that the court should "look to the four corners of the complaint to determine if a cause of action has been stated". Nonetheless, the Supreme Court considered, *inter alia,* a reply affidavit submitted on behalf of the defendant which contained evidence tending to show that the road in question existed before the incorporation of the defendant Village. In summarily dismissing the complaint based on this evidentiary material submitted for the first time in a reply affidavit, the court, in effect, converted the defendant's motion into one for summary judgment *(see,* CPLR 3212) without having provided adequate notice to the parties *(see,* CPLR 3211 [c]). This was an error *(see, Mihlovan v Grozavu,* 72 NY2d 506; *Matter of Ward v Bennett,* 214 AD2d 741; *Torres v Huntington Coalition for Homeless,* 206 AD2d 518; *Martinez v Pilgrim,* 206 AD2d 512).

Because there is no basis for dismissal pursuant to CPLR 3211 (a) (7), and because the court did not give notice that it would treat the motion as one pursuant to CPLR 3212 under the circumstances noted above, the order appealed from must be reversed. Bracken, J. P., Sullivan, Rosenblatt and Hart, JJ., concur.