■ MARY E. AKLEY et al., Respondents-Appellants, v LISA A. CLEMONS et al., Respondents, and TOWN OF POTSDAM, Appellant. [655 NYS2d 149] —Cardona, P. J. Appeal from an order of the Supreme Court (Demarest, J.), entered June 7, 1996 in St. Lawrence County, which granted a motion by defendants Clayton Hewes and Connie M. Hewes for summary judgment dismissing the complaint against them and denied defendant Town of Potsdam's cross motion for summary judgment dismissing the complaint against it.

On August 12, 1993, plaintiff Mary E. Akley (hereinafter Akley) was driving in a westerly direction along Judson Street Road in the Town of Potsdam, St. Lawrence County, when she came over the crest of a hill and struck a small dog which had wandered into the road. Plaintiff stopped and exited her vehicle to render assistance to the dog which was lying in the center of the road. The dog, which had not been tethered or leashed, was owned by defendants Clayton Hewes and Connie M. Hewes, who lived nearby on Judson Street Road. The Heweses came out to the accident scene and Connie Hewes left her husband and Akley by the dog and started walking east up to the top of the grade to stop traffic. At that time, a car driven by defendant Lisa A. Clemons came over the crest of the hill and struck Akley. Clemons testified at her examination before trial that she applied her brakes as soon as she saw Akley but could not avoid hitting her.

Akley and her husband commenced this personal injury and derivative action against Clemons, the Heweses and defendant Town of Potsdam. Specifically, plaintiffs alleged that Clemons was negligent in the operation of her vehicle, the Heweses were negligent in failing to restrain their dog and the Town was negligent in failing, *inter alia*, to maintain the road properly, to post proper warning signs regarding the hill or to reduce the speed limit in that area.

The Heweses moved to dismiss plaintiffs' complaint against them for failure to state a claim pursuant to CPLR 3211 (a) (7) and for summary judgment. The Town cross-moved for summary judgment. Supreme Court granted the Heweses' motion and denied the Town's cross motion. The Town and plaintiffs appeal.

Citing plaintiffs' undisputed failure to plead and prove compliance with its prior written notice law[1] (*see, Good v County of Sullivan*, 198 AD2d 706, 707-708), the Town contends that Supreme Court improperly denied its cross motion for summary judgment. Plaintiffs maintain, however, that their claims fall within certain established exceptions to the general rule requiring compliance with the prior notice law. Initially, with respect to plaintiffs' claim that the Town negligently failed to erect advance warning or reduced speed signs east of the crest, we note that the Court of Appeals has held that such a failure is not a "defective" condition within the meaning of prior written notice statutes (*see, Alexander v Eldred*, 63 NY2d 460, 467; *Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 366). Such statutes have been "strictly construed and refer 'to physical conditions in the streets or sidewalks * * * which do not immediately come to the attention of the [municipal] officers unless they are given actual notice thereof' " (*Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917, 918, quoting *Doremus v Incorporated Vil. of Lynbrook, supra*, at 366). Therefore, as to these claims, compliance with the Town's prior written notice law was excused and the Town's cross motion was properly denied.

Furthermore, the need for written notice was also obviated with respect to plaintiffs' allegations of active negligence in

1. Town of Potsdam Municipal Code § 20-1 provides: "No civil action shall be maintained against the Town of Potsdam * * * for damages or injuries * * * sustained by reason of any highway * * * being defective, out of repair, unsafe, dangerous or obstructed, unless written notice of such * * * condition * * * was actually given * * * and that there was thereafter a failure or neglect within a reasonable time to repair or remove the defect, danger or obstruction complained of."

the form of negligent design and construction of the roadway. "[I]t is well settled that 'if the complaint alleges that the municipality created or caused the hazardous condition, prior written notice is not required to maintain the action' " (*Good v County of Sullivan*, 198 AD2d 706, 708, *supra*, quoting *Hogan v Grand Union Co.*, 126 AD2d 875, 876; *see, Merchant v Town of Halfmoon*, 194 AD2d 1031, 1032). Despite the Town's assertion that it did not design or construct the Judson Street Road, testimony by its Superintendent of Highways that it maintained the roadway for many years coupled with the affidavit of plaintiffs' expert, John Serth, a licensed professional engineer, raises a question of fact as to whether the Town caused or created the dangerous condition allegedly presented by the crest (*see, Merchant v Town of Halfmoon, supra*; *Toohey v Town of Brunswick*, 191 AD2d 858).[2]

We reach a different conclusion regarding plaintiffs' vague allegations of passive negligence or nonfeasance on the part of the Town for failing to properly maintain the roadway with respect to the grade of the crest. We note that "[t]he primary effect of notice laws is to protect municipalities from liability for defects in streets * * * which are the result of nonfeasance" (*Hogan v Grand Union Co.*, 126 AD2d 875, 876, *supra*). Assuming, without deciding, whether plaintiffs' allegations state a claim for negligent maintenance, the Town's proof that it did not receive prior written notice constitutes a prima facie defense to this type of claim (*see, Horton v City of Schenectady*, 177 AD2d 823; *see generally, Good v County of Sullivan, supra*; *Merchant v Town of Halfmoon, supra*). Although plaintiffs assert that they are excused from compliance because the Town had actual or constructive notice of the allegedly dangerous condition, their proof falls short of showing " 'not only that the defect at issue was readily apparent * * * but also that the municipality had, shortly before the accident, either inspected the subject area for the purpose of discovering such defects or performed work thereon' " (*Krach v Town of Nassau*, 217 AD2d 737 [citation omitted], quoting *Jackson v City of Mount Vernon*, 213 AD2d 892, 892-893, *lv denied* 85 NY2d 812; *see, Klimek v Town of Ghent*, 114 AD2d 614, 615). Furthermore, any reliance by plaintiffs on the alleged telephone complaints received by the Town in the mid-1980s regarding the safety of the roadway

---

2. In Serth's view, the 9.10% change in grade presented by the crest did not afford Clemons adequate sight-stopping distance to avoid hitting Akley. He further opined that the Town's failure to reduce the change in grade when it resurfaced the roadway in 1990 or, alternatively, erect adequate advisory and reduced speed signs east of the crest constituted negligence on the part of the Town which was a substantial factor in causing the accident.

in the vicinity of the crest is misplaced, as those oral complaints were plainly insufficient to satisfy the written notice requirement of the Town's prior notice statute. Accordingly, the Town was entitled to partial summary judgment dismissing plaintiffs' claim pertaining to negligent maintenance of the roadway (*see, e.g., Merchant v Town of Halfmoon*, 194 AD2d 1031, 1032, *supra*).

Finally, we find no merit to plaintiffs' contention that Supreme Court erred in granting the Heweses' motion for summary judgment. "[A] plaintiff cannot recover for injuries resulting from the presence of a dog in the highway absent evidence that the defendant was aware of the animal's vicious propensities or of its habit of interfering with traffic" (*Staller v Westfall*, 225 AD2d 885; *see, Young v Wyman*, 159 AD2d 792, *affd* 76 NY2d 1009). Connie Hewes' testimony that her dog had never wandered off their property and onto the highway prior to the accident was unrefuted and there was no evidence presented that the dog had ever displayed any vicious propensities. Thus, the Heweses met their initial burden of demonstrating entitlement to judgment as a matter of law and it was incumbent upon plaintiffs to raise a triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). The fact that the Heweses violated the Town's leash law was insufficient to establish liability or demonstrate an issue of fact warranting a trial since the "mere presence of an unrestrained dog on the street does not give rise to a presumption of negligence on the part of its owner" (*Young v Wyman*, 76 NY2d 1009, 1010, *supra*). Furthermore, plaintiffs have not offered the " 'cogent reasons' necessary to abandon a precedent that has evidently wrought no great injustice" (*Baden v Staples*, 45 NY2d 889, 893).

Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that portion of defendant Town of Potsdam's cross motion seeking dismissal of the claim based upon the failure to maintain the Judson Street Road; cross motion granted to that extent, defendant Town of Potsdam awarded partial summary judgment and said claim dismissed; and, as so modified, affirmed.