■ IRIS N. LEON, Respondent, v CITY OF JAMESTOWN, Appellant. (Appeal No. 1.) [678 NYS2d 212] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for personal injuries she sustained in a slip and fall accident as she stepped from the sidewalk onto the street in front of the Jamestown City Hall. At the time of the accident, defendant's employees were in the process of removing snow that had fallen during the previous night.

Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Although defendant established as a matter of law that it had no prior written notice of the alleged defect as required by local law, it also submitted evidentiary proof from two of its employees tending to show that defendant affirmatively created the icy condition during the snow removal process (*see, Dobransky v City of Watertown*, 168 AD2d 997, 998). In opposition to the motion, plaintiff also submitted similar proof. The prior written notice requirement is inapplicable to conditions affirmatively created by defendant (*see, Poirier v City of Schenectady*, 85 NY2d 310, 315; *Gray v Fane*, 211 AD2d 914; *cf., Conroy v County of Cattaraugus*, 176 AD2d 1228).

Although defendant argues on appeal that plaintiff has neither alleged nor proven affirmative negligence on the part of defendant that would excuse the prior written notice requirement, no such argument was made to Supreme Court, and thus it is not properly before us. Were we to consider it, we would conclude that the complaint contains such an allegation and that defendant has failed to meet its burden on this summary judgment motion to establish that it was not affirmatively negligent (*see, Rogers v County of Saratoga*, 144 AD2d 731,

732). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.