■ SCOTT O'TOOLE, Respondent, v COUNTY OF SULLIVAN, Appellant, et al., Defendant. [680 NYS2d 315] —White, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered October 24, 1997 in Sullivan County, which, *inter alia*, denied defendant County of Sullivan's motion for summary judgment dismissing the complaint against it.

Plaintiff allegedly sustained personal injuries after slipping and falling at the juncture of a Village street and a curb and sidewalk in front of the Sullivan County Courthouse in the Village of Monticello. Plaintiff contends that defendant County of Sullivan was negligent in that it improperly plowed and/or repaired the street, sidewalk or curb in front of the courthouse. The County moved for summary judgment dismissing the complaint on the ground that, *inter alia*, plaintiff failed to file a notice of defect pursuant to Local Laws, 1982, No. 9 of the County of Sullivan. Supreme Court denied the County's motion and this appeal ensued.

We affirm Supreme Court's finding as to the first cause of action. Although it is clear that no written notice of defect was filed pursuant to Local Law No. 9, relevant evidence was produced by plaintiff in the form of an affidavit of an expert who opined that the curb, sidewalk and roadway in question were patched in an unworkmanlike manner, in that the patching was not done smoothly, was gorged and the elevation was not uniform, thus leaving the area in a dangerous condition. It is well settled that if it can be shown that a municipality created or caused by active negligence the hazardous condition that resulted in a plaintiff's injuries, prior written notice of the defect to the municipality is not required (*see, Kiernan v Thompson*, 73 NY2d 840; *Akley v Clemons*, 237 AD2d 780, 782; *Horowitz v County of Orange*, 215 AD2d 799, 800; *Good v County of Sullivan*, 198 AD2d 706, 708). Therefore we find that a question of fact exists as to whether the County's alleged negligence created a condition which negated the need for written notice to the County. In addition, summary judgment was not warranted on the first cause of action since there was only approximately seven days between the answer and the motion for summary judgment, which deprived plaintiff of a reasonable opportunity for disclosure (*see, Jones v Town of Delaware*, 251 AD2d 876).

Plaintiff's second cause of action alleges that the County had received written notice and was aware of the dangerous condi-

tion; however, the County's Land and Claims Adjuster submitted an affidavit that no notice of any defect of any sidewalk or street fronting the courthouse had been received. In our view, this cause of action alleges passive negligence and plaintiff's failure to provide written notice to the County mandates dismissal of this cause of action (*see, Merchant v Town of Halfmoon*, 194 AD2d 1031).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant County of Sullivan's motion for summary judgment dismissing the second cause of action; motion granted to that extent, partial summary judgment awarded to said defendant and the second cause of action is dismissed; and, as so modified, affirmed.