■ TIMOTHY LUGO, an Infant, by SUSANA LUGO, His Mother and Guardian, et al., Respondents-Appellants, v COUNTY OF ESSEX, INC., a Municipal Corporation, Appellant, and TOWN OF NORTH ELBA, Respondent. [687 NYS2d 475] —Graffeo, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered February 2, 1998 in Essex County, which denied a cross motion by defendant County of Essex, Inc. for summary judgment dismissing the complaint against it and granted a motion by defendant Town of North Elba for summary judgment dismissing the complaint against it.

Plaintiffs Timothy Lugo and Martha Castillo were injured when the vehicle in which they were passengers slid off Old Raybrook Road in the Town of North Elba, Essex County. At the time of the accident, defendant County of Essex, Inc. was the owner of the roadway which was originally designed and constructed by the State. Pursuant to a contract with the County, defendant Town of North Elba was responsible for plowing, salting, and sanding the road. Plaintiffs commenced

this action alleging, *inter alia*, that the negligence of the Town and County consisted of failing to properly remove ice and snow from the road, and that the County acted negligently by neglecting to provide guardrails in the vicinity where the accident occurred.

The Town moved and the County cross-moved for summary judgment dismissing the complaint. Supreme Court granted the Town's motion and denied the County's cross motion. The County now appeals the denial of its cross motion and plaintiffs appeal the granting of summary judgment to the Town.

Plaintiffs contend that the Town was not entitled to summary judgment as it was liable for the negligent maintenance of the roadway. It is axiomatic that a municipality cannot be held liable for a dangerous condition or defect on one of its roadways unless it had prior written notice of such condition or defect as required by the municipality's notice statute (*see, Di Paolo v Village of Tuckahoe*, 253 AD2d 841; *Boucher v Town of Candor*, 234 AD2d 669, 670; *Shepardson v Town of Schodack*, 195 AD2d 630, 631, *affd* 83 NY2d 894; *Linder v Town of Babylon*, 187 AD2d 568), except where the municipality affirmatively created the dangerous condition or defect (*see, Bornt v Town of Pittstown*, 248 AD2d 854, 855, *lv denied* 92 NY2d 803). Here, the record discloses that there was no prior written notice of the allegedly dangerous condition provided to the Town as required by its local law. Further, we find unpersuasive plaintiffs' assertion that the Town should be held liable based on its negligent sanding because the failure to properly sand or remove snow and ice from a roadway does not constitute the type of affirmative negligence required to excuse noncompliance with the Town's notice requirement (*see, Lang v County of Sullivan*, 184 AD2d 981, 982; *Buccellato v County of Nassau*, 158 AD2d 440, 442, *lv denied* 76 NY2d 703). Accordingly, Supreme Court properly granted summary judgment dismissing the claim against the Town for negligent maintenance of the roadway (*see, Roser v City of Kingston*, 251 AD2d 936; *Good v County of Sullivan*, 198 AD2d 706, 707).

Next, the County argues that it should have also been granted summary judgment based on the fact it did not receive prior written notice of an allegedly dangerous and/or defective condition. Although the road was designed by the State and the County may not be held liable for defects resulting from the State's alleged negligent design and/or construction of the roadway (*see, Grant v Incorporated Vil. of Lloyd Harbor*, 180 AD2d 716, 717, *lv denied* 80 NY2d 761; *Banta v County of Erie*, 134 AD2d 839), the County assumed ownership, and as such,

may be liable for allowing a potentially dangerous or defective condition to exist (*see, Nowlin v City of New York*, 81 NY2d 81, 88; *Thompson v City of New York*, 78 NY2d 682, 684-685; *Federoff v Camperlengo*, 215 AD2d 806, 807; *Gillooly v County of Onondaga*, 168 AD2d 921; *cf., Akley v Clemons*, 237 AD2d 780; *Temple v Chenango County*, 228 AD2d 938).

To succeed in its motion for summary judgment, a defendant has the burden of demonstrating the absence of all triable issues of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Where the allegations stem from physical conditions in streets or sidewalks, a municipality must only submit proof that it did not receive prior written notice pursuant to its statute, which shifts the burden to a plaintiff to establish the availability of an exception (*see, Brzytwa-Wojdat v Town of Rockland*, 256 AD2d 873; *Akley v Clemons, supra*). In this case, however, the allegedly defective condition—the lack of a guardrail—is akin to defects not within the purview of prior written notice statutes and is analogous to recognized exceptions involving the failure to maintain or erect warning signs (*see, Akley v Clemons, supra; Ramundo v Town of Guilderland*, 142 AD2d 50; *Banta v County of Erie, supra*, at 840), the negligent placement of a utility pole (*see, Hughes v Jahoda*, 75 NY2d 881) and the failure to place traffic control devices (*see, Alexander v Eldred*, 63 NY2d 460, 467).

Moreover, the County's local law specifically permits an action to be maintained if a dangerous condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence. Because the issue of placement of a guardrail was not subject to prior written notice, the County had the burden of establishing that it lacked not only prior written notice but constructive notice of the allegedly dangerous condition (*cf., Leon v City of Jamestown*, 254 AD2d 748; *Notaro v Buffalo Waterfront Rest. Corp.*, 239 AD2d 963; *Appelbaum v County of Sullivan*, 222 AD2d 987). Based on the fact the County failed to establish that it did not have constructive notice of the allegedly dangerous condition, we conclude that the County did not satisfy its burden of demonstrating its entitlement to summary judgment as a matter of law with respect to the failure to erect a guardrail (*cf., Temple v Chenango County, supra; Appelbaum v County of Sullivan, supra*, at 989-990).

However, the County was entitled to partial summary judgment with regard to plaintiffs' allegations arising from the County's alleged negligent removal of snow and ice. The County established that it did not receive prior written notice of the

dangerous condition and plaintiff failed to submit any proof with respect to the applicability of constructive notice (*see, Brzytwa-Wojdat v Town of Rockland, supra*, at 874-875; *Akley v Clemons, supra*, at 782; *see also, Di Paolo v Village of Tuckahoe, supra*). Additionally, Supreme Court was correct in finding that the signing was not a proximate cause of the accident in light of the driver's reduced rate of speed and the weather conditions (*see, Boucher v Town of Candor, supra*, at 671; *Good v County of Sullivan, supra*, at 708).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion of defendant County of Essex, Inc. regarding the claims against it based on negligent removal of snow and ice and negligent failure to post warning signs; cross motion granted to that extent, partial summary judgment awarded to defendant County of Essex, Inc. and said claims against it are dismissed; and, as so modified, affirmed.