■ FRANCES L. WALL, Respondent, v TOWN OF NISKAYUNA, Appellant. [788 NYS2d 520]—

Kane, J. Appeal from an order of the Supreme Court (Caruso, J.), entered May 4, 2004 in Schenectady County, which, inter alia, denied defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff commenced this personal injury action for injuries allegedly sustained when she slipped and fell on an icy sidewalk owned and maintained by defendant. Defendant answered, interposing an affirmative defense that plaintiff's action was barred because she failed to give prior written notice of the icy condition under Local Law No. 7 (1990) of the Town of Niskayuna, codified as Niskayuna Town Code chapter 144. Plaintiff moved for summary judgment dismissing that affirmative defense. Defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion and denied defendant's cross motion, finding that the ordinance did not require plaintiff to give notice of the icy condition. Defendant appeals.

Since the local law required notice of unsafe and dangerous conditions on defendant's sidewalks, we reverse. "Prior written notice provisions, enacted in derogation of common law, are always strictly construed" (*Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995] [citation omitted]; *see Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 365-366 [1966]; *McKinnis v City of Schenectady*, 234 AD2d 760, 761 [1996]). Niskayuna Town Code chapter 144 bars civil actions against defendant for damages or injuries arising from a dangerous condition on its property, including sidewalks, unless prior written notice of the dangerous condition is provided in a specified manner (*see* Niskayuna Town Code §§ 144-1, 144-2). The local law applies to injuries or damages "sustained by reason of any property owned . . . by [defendant] being defective, out of repair, unsafe, dangerous or obstructed" (Niskayuna Town Code § 144-1). In enacting this local law, defendant specifically superceded Town Law § 65-a, which requires prior written notice to a town before recovery is allowed in actions related to injuries "sustained by reason of any defect in its sidewalks or in consequence of the existence of snow or ice upon any of its sidewalks" (Town Law § 65-a [2]; *see* Niskayuna Town Code § 144-6). The portion of the Town Law dealing with prior notice for injuries arising from the "defective, unsafe, dangerous or obstructed condition" of highways, bridges and culverts separately delineates notice for injuries "sustained solely in consequence of the existence of snow or ice upon" such properties (Town Law § 65-a [1]). Town Law § 65-a (1) separately lists the unsafe condition of snow and ice accumulation because it provides for different types of notice; snow and ice conditions require actual written notice, whereas actions based on other unsafe or dangerous conditions can be maintained if there was either written or constructive notice.

Defendant, in enacting its local law, was not required to copy the statutory language of Town Law § 65-a (*see* Municipal Home Rule Law § 10 [1]). Here, defendant enacted a more restrictive notice requirement which provides it with greater insulation from liability by requiring prior written notice of any type of road or sidewalk defect, including the subcategory of snow and ice conditions (*see Fulgum v Town of Cortlandt*, 2 AD3d 775, 777 [2003]; *Bacon v Arden*, 244 AD2d 940, 940-941 [1997]). By eliminating the constructive notice exception entirely, the local law eliminated the need to differentiate snow and ice from other unsafe conditions. The plain meaning of the local law's words "unsafe, dangerous or obstructed" is broad enough to include the accumulation of snow or ice on municipal sidewalks. Since there is no clear statutory mandate that snow and ice condi-

tions are different from other unsafe conditions, and since the local law is clear in its application to any unsafe condition, plaintiff's failure to provide written notice of the icy condition which allegedly caused her fall requires dismissal of her claim.

We find the cases cited by plaintiff inapposite, as they do not apply to snow and ice conditions, but differentiate between certain types of property or deal with latent versus patent defects.

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, plaintiff's motion denied, defendant's cross motion granted, summary judgment awarded to defendant and complaint dismissed.