■ VANCE C. WRIGHT, Appellant, v KATHRYN REZENDEZ et al., Defendants, and TOWN OF FORT EDWARD, Respondent. [934 NYS2d 874]—

Kavanagh, J.

We affirm. An action cannot be maintained against a town for injuries sustained as the result of a fall caused by snow or ice on sidewalks owned by the town, "unless written notice thereof, specifying the particular place, was actually given to the town clerk or to the town superintendent of highways" (Town Law

§ 65-a [2]). For the purposes of the appeal, plaintiff concedes that no written notice was provided to the Town regarding the condition that caused his fall, but argues that Town Law § 65-a (2) was superceded by a local law of the Town, which only requires written notice of dangerous conditions caused by ice and snow on "any highway, bridge or culvert" located within the Town (Code of Town of Fort Edward § 85-1 [b]). Plaintiff argues that since this local law does not include sidewalks, no written notice was required.

We cannot agree. When a municipality adopts a local law that is intended to supercede a state statute, such intent must be clearly and unequivocally expressed in the body of the local law (see Municipal Home Rule Law §§ 10, 22; *Kamhi v Town of Yorktown*, 74 NY2d 423, 429, 434 [1989]). Here, the local law in question makes no reference to Town Law § 65-a, nor is there any indication that the Town, when it enacted it, did so with the intent of removing the limitations on its liability as set forth in the Town Law (compare *Wall v Town of Niskayuna*, 14 AD3d 988, 989 [2005], *lv denied* 5 NY3d 701 [2005]). As such, defendant's motion for summary judgment dismissing the complaint against it was properly granted. As a result of this conclusion, we need not address plaintiff's additional argument.

Spain, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the order and judgment is affirmed, without costs.