Clute v Town of Lisle (2024 NY Slip Op 01367)

Clute v Town of Lisle

2024 NY Slip Op 01367

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

CV-23-0811
[*1]Cheryl Clute, Respondent,
v
Town of Lisle, Appellant.

Calendar Date:January 16, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Coughlin & Gerhart, LLP, Binghamton (Brendan T. Fitzpatrick of Gerber Ciano Kelly Brady LLP, Garden City, of counsel), for appellant.
Stanley Law Offices, Syracuse (Jamie Richards of counsel), for respondent.

Egan Jr., J.
Appeal from an order of the Supreme Court (Eugene D. Faughnan, J), entered March 30, 2023 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff was a school bus driver and, during the holidays, she and the other drivers would bake cookies and bring them to the employees of local towns and law enforcement agencies. Plaintiff had volunteered to deliver cookies to defendant's employees for over a decade and, at approximately 8:40 a.m. on December 19, 2019, arrived at the offices of defendant's Highway Department with a cookie platter. There had been a light snowfall earlier that day, and she crossed a small grassy area between the parking lot and the building to reach the concrete walkway running up to the front entrance. She slipped and fell on what she described as ice on the walkway, fracturing her left foot in three places. Plaintiff thereafter commenced this negligence action in December 2020. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint because, in relevant part, it had not received prior written notice of the icy condition as required by Town of Lisle Local Law No. 4 (2017) (hereinafter Local Law No. 4). Supreme Court denied the motion, and defendant appeals.
We affirm. Defendant was free to enact a local law "requiring prior written notice of any type of road or sidewalk defect, including the subcategory of snow and ice conditions" (Wall v Town of Niskayuna, 14 AD3d 988, 989 [3d Dept 2005], lv denied 5 NY3d 701 [2005]; see Municipal Home Rule Law § 10 [1] [ii] [a] [6]; Serba v Town of Glenville, 223 AD3d 1007, 1008 [3d Dept 2024]). It did so via Local Law No. 4, which provided that actions for injuries "sustained solely in consequence of the existence of snow or ice upon any highway, bridge, sidewalk, curb, culvert or any other property owned by [defendant]" may not be maintained "unless written notice thereof, specifying the particular place and condition, was actually given to [defendant's] Town Clerk . . . or the Superintendent of Highways . . . and there was failure or neglect to cause such snow or ice to be removed or to make the place otherwise reasonably safe within a reasonable time after the receipt of such notice." In view of that enactment, as well as the undisputed proof that defendant had not received prior written notice of the icy condition which purportedly led to plaintiff's fall, defendant satisfied its initial burden upon its summary judgment motion of showing that Local Law No. 4 applied and would ordinarily bar this action (see Serba v Town of Glenville, 223 AD3d at 1009; Cook v City of Amsterdam, 173 AD3d 1420, 1421 [3d Dept 2019]; Fu v County of Washington, 144 AD3d 1478, 1478 [3d Dept 2016]).
The burden accordingly shifted to "plaintiff to raise issues of fact as to the applicability of" the prior written notice requirement (Chance v County of Ulster, 144 AD3d 1257, 1258 [3d Dept 2016]; see Yarborough v City [*2]of New York, 10 NY3d 726, 728 [2008]; Urban v City of Albany, 90 AD3d 1132, 1133 [3d Dept 2011], lv dismissed 18 NY3d 921 [2012]). Plaintiff attempted to do so in two respects. First, she argued that questions of fact existed as to whether Local Law No. 4 even applied given her allegations that defendant was negligent not only in failing to address the icy condition, but also in failing to post appropriate signage warning that the front entrance was closed to the public and unmaintained. Second, she contended that her claim, to the extent that it was within the ambit of the prior written notice requirement, fell within one or both of the accepted exceptions to that requirement in that defendant had either "affirmatively created the defect through an act of negligence" or put the area where she fell to "a special use [which] resulted in a special benefit to [it]" (Yarborough v City of New York, 10 NY3d at 728; see Serba v Town of Glenville, 223 AD3d at 1008; Calabrese v City of Albany, 221 AD3d 1152, 1152 [3d Dept 2023]).
The pertinent evidence in the record with regard to both arguments comes from the transcript of the General Municipal Law § 50-h examination of plaintiff and the affidavit and transcript of the General Municipal Law § 50-h examination of Mitchell Quail, defendant's highway superintendent. Plaintiff testified that she had previously used the front entrance — which she believed was the main, public entrance and which led to, among other things, the employee breakroom — to deliver cookies, and that she had no recollection of seeing any signs on the doors on the day of her accident. Quail, in contrast, testified that the front entrance was "for employees only" and that there were signs posted on the doors directing the public to use the side entrance. He acknowledged, however, that those signs were handwritten on letter sized paper, that he only "occasionally" checked to see whether they were still there, and that he replaced the signs with ones twice as large after plaintiff's accident "[t]o put an arrow on there bigger so [the public] wouldn't use those doors." As for the fall itself, plaintiff stated that she slipped on ice as she stepped onto the concrete walkway leading to that entrance and that, when Quail came outside to help her up, he told her that "they don't maintain that . . . sidewalk in the winter." In his affidavit in support of the motion, Quail averred that he saw plaintiff fall while he was working and that she fell on the snowy grass, not the walkway, and made clear that the walkway was routinely maintained by defendant's employees and was "clear and free of debris" at the time she fell. He gave a somewhat different account in his testimony at the General Municipal Law § 50-h examination, acknowledging that there were no records showing when the walkway was cleared of ice and snow, that no specific employee was responsible for performing that work, and that the walkway might not get cleaned "if no one had the ambition [*3]to" do it. He confirmed in his testimony, however, that he did not observe any snow or ice on the walkway immediately after plaintiff fell.
There is, in other words, significant dispute over where plaintiff fell, the adequacy of defendant's efforts to warn plaintiff and other members of the public not to use the front entrance or the walkway leading to it, the efforts defendant's employees made to maintain that walkway and the condition of the walkway at the time plaintiff fell. Plaintiff contends, in part, that defendant was negligent in failing to post signage adequately warning the public not to use a closed and unmaintained entrance and, because prior written notice laws are "strictly construed and refer to physical conditions in the streets or sidewalks which do not immediately come to the attention of the municipal officers unless they are given actual notice thereof," a failure to post needed signage "is not a defective condition within the meaning of" those laws (Akley v Clemons, 237 AD2d 780, 781 [3d Dept 1997] [internal quotations marks, ellipsis, brackets and citations omitted]; see O'Buckley v County of Chemung, 88 AD3d 1140, 1141 [3d Dept 2011]). Supreme Court was therefore correct in concluding that Local Law No. 4 did not apply to that aspect of plaintiff's claim and that summary judgment was not warranted on it, particularly given the factual questions surrounding the signage and the degree to which its absence was a cause of plaintiff's injuries (see O'Buckley v County of Chemung, 88 AD3d at 1141; Akley v Clemons, 237 AD2d at 781).
Further, although we agree with defendant that plaintiff did not raise a question of fact as to whether defendant affirmatively created the icy condition by performing "work . . . that immediately result[ed] in the existence of a dangerous condition," she did demonstrate the applicability of the special use exception to the prior written notice requirement (Yarborough v City of New York, 10 NY3d at 728 [internal quotation marks and citations omitted]). A special use of a sidewalk or walkway occurs "where there is a modification . . . , such as the installation of a driveway, or a variance of the sidewalk to allow for ingress and egress, that was constructed in a special manner for the benefit of the defendant and that the defendant derived a unique benefit unrelated to the public use" (Marshall v City of Albany, 184 AD3d 1043, 1044-1045 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]). Plaintiff asserts that she slipped and fell on a walkway that was created for no public use at all; indeed, it existed solely to benefit defendant by permitting its employees to access a private entrance from the parking lot. It follows that defendant "derive[d] a special benefit from that property unrelated to the public use," which rendered the prior written notice requirement inapplicable (Poirier v City of Schenectady, 85 NY2d 310, 315 [1995]; see Podhurst v Village of Monticello, 202 AD3d [*4]1185, 1187-1188 [3d Dept 2022]; Cole v City of Albany, 80 AD2d 656, 656 [3d Dept 1981]; cf. Little v City of Albany, 169 AD2d 1013, 1014 [3d Dept 1991]). Thus, Supreme Court properly denied defendant's motion in all respects.
Garry, P.J., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.